YITAI HU (SBN 248085) (yhu@akingump.com)
SEAN P. DEBRUINE (SBN 168071) (sdebruine@akingump.com)
MING-TAO YANG (SBN 221295) (myang@akingump.com)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306-2112
Telephone:     (650) 838-2000
Facsimile:      (650) 838-2001

Attorneys for Defendant
ANPEC ELECTRONICS CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANPEC ELECTRONICS CORP.,<br><br>Defendant. | CASE NO. 07-CV-04424-PJH<br><br>**MOTION FOR EXTENSION OF TIME FOR DEFENDANT ANPEC ELECTRONICS CORPORATION TO ANSWER OR OTHERWISE RESPOND TO PLEADINGS AND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PURSUANT TO CIV. L.R. 6-3** |

Defendant Anpec Electronics Corporation ("Anpec") respectfully moves this Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Civil Local Rule 6-3, for an extension of time until January 28, 2007 in which to respond to the Complaint of Plaintiff Maxim Integrated Products, Inc. ("Maxim").  Anpec also respectfully moves, pursuant to Civ. L. R. 6-3, for a continuation of the Case Management Conference, currently scheduled for December 6, 2007, until a time convenient for the Court after Anpec has responded to the complaint.

Defendant Anpec is a foreign corporation located in Hsinchu, Taiwan.  Declaration of Sean P. DeBruine filed herewith ("DeBruine Decl."), ¶ 2.  Maxim filed its complaint in this action on August 27, 2007.  However, Maxim chose not to promptly serve the complaint.  Maxim now claims to have served the Summons and Complaint on October 30, 2007, by personal delivery to an employee of Anpec at Anpec's facility in Hsinchu, Taiwan.  *See* Proof of Service, Docket Entry 8.  Anpec disputes

1  that such personal service is effective under Taiwan law and hence that service is defective under Fed.
2  R. Civ. P. 4.  Nevertheless, on October 31, 2007, counsel for Anpec offered to waive service in
3  exchange for a 90 days period in which to respond to the Complaint, as provided by Fed. R. Civ. P.
4  4(d).  DeBruine Decl., Ex. 1.  Counsel for Maxim originally agreed to this proposal.  On November 6,
5  Anpec returned a signed Stipulation and Waiver of Service and instructed Maxim that it could
6  electronically file those documents.  *Id.*, Exs. 2 and 3.

7      At about that time the parties also began to discuss the initial Case Management Conference
8  schedule.  In a letter on November 6, Anpec's counsel informed Maxim that Anpec would decline to
9  proceed before a Magistrate Judge, and stated its position that the initial Case Management Conference
10  would be better scheduled for a time after Anpec responded to the Complaint.  Despite its initial
11  agreement, Maxim now refuses to file the parties' Stipulation.

12      Rather, it belatedly attempted to add an additional condition to the parties' agreement, namely
13  that Anpec not request any delay in the Case Management Conference schedule.  While Anpec has
14  stated its willingness to work with Maxim to arrive at a reasonable schedule, it does not believe that a
15  Case Management Conference more than two months before the initial pleadings are closed and the
16  contours of the case have been determined would be an efficient use of the Court's or the parties' time.

17      Good cause exists for granting Anpec's requested extension to respond to the Complaint.
18  Maxim does not, in principle, oppose the extension.  Based upon the parties' original agreement, Anpec
19  did not immediately prepare a response.  By the time it became clear that Maxim would not abide by
20  that agreement, it was too late to do so.  Moreover, counsel for Anpec will be largely unavailable in the
21  coming weeks due to their travel schedules and other case commitments.  *See* DeBruine Decl., ¶¶ 8- 9.
22  In addition, the holidays are looming and counsel for Anpec is hoping to spend some time with family.
23  As such, the 90 day extension Anpec seeks is reasonable.  Therefore, Anpec asks that the Court grant it
24  the extension originally offered by Maxim, so that it can file its responsive pleading on January 28,
25  2007.

26      Anpec also asks that the Case Management Conference, currently scheduled for December 6,
27  2007, be rescheduled.  In the first place, Anpec's lead trial counsel is unavailable on that date.  Yitai Hu
28  will be in Beijing, China on that day attending to a long-planned (and already oft-delayed) business.

1  The undersigned will be in Taiwan attending to depositions in another matter.  As such, counsel for
2  Anpec are unavailable on the current calendar date.  Anpec also believes that the Case Management
3  Schedule should be set for a date soon after it responds to the Complaint.  At that time the scope of the
4  relevant issues, including any potential counterclaims, should be fully defined, and a reasonable
5  discovery, claim construction and trial schedule can be set accordingly.
6       For the foregoing reasons, good cause exists for this motion pursuant to Rule 6(b), and Anpec
7  respectfully requests that the Court grant an extension of time up to and including January 28, 2008 for
8  it to plead in response to Plaintiff's Complaint, and to continue the initial Case Management
9  Conference to a date thereafter that is convenient for the Court.

Dated:  November 20, 2007        Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By_____/s/_____
            Sean P. DeBruine

Attorneys for Defendant
ANPEC ELECTRONICS CORPORATION

6168484