YITAI HU (SBN 248085) (yhu@akingump.com)
SEAN P. DEBRUINE (SBN 168071) (sdebruine@akingump.com)
MING-TAO YANG (SBN 221295) (myang@akingump.com)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306-2112
Telephone:      (650) 838-2000
Facsimile:       (650) 838-2001

Attorneys for Defendant
ANPEC ELECTRONICS CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANPEC ELECTRONICS CORP., <br><br> Defendant. | CASE NO. 07-CV-04424-PJH <br><br> **DECLARATION OF SEAN P. DeBRUINE IN SUPPORT OF MOTION FOR EXTENSION OF TIME FOR DEFENDANT ANPEC ELECTRONICS CORPORATION TO ANSWER OR OTHERWISE RESPOND TO PLEADINGS AND MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PURSUANT TO CIV. L.R. 6-3** |

I, Sean P. DeBruine, declare as follows:

I am a partner in the law firm of Akin Gump Strauss Hauer & Feld, LLP, counsel to defendant Anpec Electronics Corp. ("Anpec") in this matter.  I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to the matters stated herein, except those matters stated on information and belief, which matters I am informed and believe to be true.

1.      I am informed and believe that Anpec is a foreign corporation located in Hsinchu, Taiwan, with no offices or employees in the United States.

2.      Anpec contests whether Maxim's attempted service of the Summons and Complaint in this matter comports with the requirements of the Federal Rules of Civil Procedure.  Nevertheless, on

1  October 31, 2007, my associate Ming-Tao Yang wrote to counsel for plaintiff Maxim Integrated
2  Products, Inc. ("Maxim") offering to waive service of process in exchange for the 90 day extension of
3  time to respond to the Complaint provided for by Fed. R. Civ. P. 4.  A true and correct copy of Mr.
4  Yang's October 31, 2007 letter to that effect is attached hereto as Exhibit 1.

     3.     I am informed and believe that counsel for Maxim agreed to this proposal.  In fact, counsel for Maxim provided a draft Stipulation and form of waiver.  A true and correct copy of counsel's November 2, 2007 letter enclosing the draft stipulation is attached hereto as Exhibit 2.

     4.     On November 6, Anpec returned the signed Stipulation and Waiver of Service to counsel for Maxim and gave permission for those documents to be electronically filed.  A true and correct copy of Mr. Yang's letter to that effect is attached hereto as Exhibit 3.  In that letter Mr. Yang also informed Maxim that Anpec would decline to proceed before a Magistrate Judge, and stated its position that it would be more appropriate to schedule the initial Case Management Conference after Anpec responded to the Complaint.

     5.     Only on November 9 was Anpec made aware that Maxim might condition fulfillment of its previous agreement with Anpec's agreement to Maxim's proposed case management schedule.  On that date Maxim sought to add an additional clause to the stipulation whereby Anpec was to agree to the current schedule.  A true and correct copy of the email exchange between Mr. Yang and counsel for Maxim is attached hereto as Exhibit 4.  Since that time Maxim has refused to file the parties' stipulation.

     6.     On November 15, 2007 Anpec filed its notice declining to proceed before a Magistrate Judge, and the case was promptly reassigned.

     7.     Between November 9 and today, counsel have had numerous telephone discussions in an attempt to resolve all or part of the current dispute. However, Maxim has repeatedly refused to stand by its agreement to extend the date for Anpec to respond to the complaint without Anpec's agreement to an expedited case management conference schedule.  Maxim did agree, however, that Anpec's responsive pleading could be extended until this motion is resolved.

     8.     Yitai Hu is also a partner at Akin Gump Strauss Hauer & Feld, LLP and represents Anpec in this matter.  Mr. Hu is currently traveling in Asia on other business.  I am informed and

1 believe that, on December 6, 2007, Mr. Hu is scheduled to be in Beijing, China attending to business related to our office there.

9. On December 6, 2007 I am scheduled to be in Taiwan defending the deposition of a client in other pending action. I will be traveling out of state next week to attend to a deposition and other matters in that case.

10. Our associate Ming-Tao Yang is also currently out of town and will not return to the office until December 3, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2007 at Palo Alto, California.

>             /s
> Sean P. DeBruine

6168407

DECLARATION OF SEAN P. DEBRUINE            3            C-07-04424 PJH
IN SUPPORT OF ANPEC'S MOTION FOR
EXTENSION OF TIME