# EXHIBIT 3

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

Ming-Tao Yang
650.838.2188/fax: 650.838.2001
myang@akingump.com

November 6, 2007

**_VIA EMAIL AND FIRST CLASS MAIL_**

Chad S. Campbell Esq.
Perkins Coie Brown & Bain P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, AZ 85001-0400

Re: *Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*, N.D. Cal.
Case No. 3:07-cv-04424-MEJ

Dear Mr. Campbell,

Thank you for your November 2, 2007 letter regarding the parties' agreement to proceed with the waiver of service under Fed. R. Civ. P. 4. I made minor changes to the stipulation and enclosed the redline version for your review. For the waiver form, I suggest that we use the standard Court form of the Northern District of California. I have signed both documents as enclosed and agree that you may file both with the Court.

Additionally, it is Anpec's intention to decline proceeding with the case before a Magistrate Judge, and we plan to submit Anpec's declination later this week. Therefore, given the likely change of the Initial CMC date, I propose having the meet and confer regarding the initial disclosures and other preliminary matters at a later date.

Sincerely,

Ming-Tao Yang

Enclosures

1  Chad S. Campbell, Arizona Bar No. 012080
   PERKINS COIE BROWN & BAIN P.A.
2  2901 North Central Avenue, Suite 2000
   Phoenix, AZ  85012-2788
3  Telephone:  602.351.8000
   Facsimile:  602.648.7000
4  CSCampbell@perkinscoie.com

5  James R. Hannah, Bar No. 237978
   PERKINS COIE LLP
6  101 Jefferson Drive
   Menlo Park, CA  94025-1114
7  Telephone:  650.838.4300
   Facsimile:  650.838.4350
8  JHannah@perkinscoie.com

9  Attorneys for Plaintiff
   Maxim Integrated Products, Inc.
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13 | MAXIM INTEGRATED PRODUCTS, INC., | Case No. 3:07-cv-04424-MEJ
14 |                                   | STIPULATION AND [PROPOSED] ORDER
15 |             Plaintiff,            |
16 |       v.                          |
17 | ANPEC ELECTRONICS CORP.,          |
18 |             Defendant.            |

19     The parties stipulate through undersigned counsel as follows:

20     1.    Plaintiff Maxim Integrated Products, Inc. ("Maxim") has delivered to Defendant
21 Anpec Electronics Corp. ("Anpec"), in Taiwan, an original summons and a copy of the complaint
22 in this matter.  Maxim and Anpec dispute whether or not the delivery of the summons and
23 complaint effected service of process as required under the Federal Rules of Civil Procedure.

24     2.    Anpec has agreed to waive service of process pursuant to Fed. R. Civ. P. 4(d).
25 Anpec's written waiver of service of process is attached to this stipulation as Exhibit A.

26     3.    Anpec shall have until January 28, 2008, within which to file and serve its answer
27 to the complaint.

28

STIPULATION AND [PROPOSED] ORDER
NO. 3:07-cv-04424-MEJ                    -1-

1

2  DATED: _____, 2007         **PERKINS COIE BROWN & BAIN P.A.**

3
                                        By: _____
4                                           Chad S. Campbell
                                            Suite 2000
5                                           2901 North Central Avenue
                                            Phoenix, AZ  85012-2788
6
                                            James R. Hannah, Bar No. 237978
7                                           PERKINS COIE LLP
                                            101 Jefferson Drive
8                                           Menlo Park, CA  94025-1114

9                                       Attorneys for Plaintiff
                                        Maxim Integrated Products, Inc.
10

11  DATED:  Nov. 5        , 2007         **AKIN GUMP STRAUSS HAUER & FELD LLP**

12
                                        By: _____
13                                          Ming-Tao Yang (SBN 221295)
                                            Two Palo Alto Square
14                                          3000 El Camino Real, Suite 400
                                            Palo Alto, CA  94306-2112
15                                          Telephone: (650) 838-2000
                                            Facsimile:  (650) 838-2001
16

17                                      Attorneys for Defendant
                                        Anpec Electronics Corp.
18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER            -2-
NO. 3:07-cv-04424-MEJ

# [PROPOSED] ORDER

The Court having considered the parties' stipulation and finding good cause therefor,

IT IS ORDERED that:

The parties' stipulation is approved; Anpec has waived service of process pursuant to Fed. R. Civ. P. 4(d); and Anpec shall have until January 28, 2008 within which to file and serve its answer to the complaint.

Date:_____         _____
                                     Maria-Elena James
                                     United States Magistrate Judge

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

Clear Form

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Anpec Electronics Corp.__ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Maxim Integrated Products Inc. v Anpec Electronics Corp.__,
(CAPTION OF ACTION)

which is case number __07: cv-04424-MEJ__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after                                                                  __October 30, 2007__ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__Nov. 5, 2007__                         __[signature]__
(DATE)                                    (SIGNATURE)

Printed/Typed Name: __Ming-Tao Yang__

As __Attorney__ of __Anpec Electronics Corp.__
   (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

1  Chad S. Campbell, Arizona Bar No. 012080
   PERKINS COIE BROWN & BAIN P.A.
2  2901 North Central Avenue, Suite 2000
   Phoenix, AZ 85012-2788
3  Telephone: 602.351.8000
   Facsimile: 602.648.7000
4  CSCampbell@perkinscoie.com

5  James R. Hannah, Bar No. 237978
   PERKINS COIE LLP
6  101 Jefferson Drive
   Menlo Park, CA 94025-1114
7  Telephone: 650.838.4300
   Facsimile: 650.838.4350
8  JHannah@perkinscoie.com

9  Attorneys for Plaintiff
   Maxim Integrated Products, Inc.
10

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13  MAXIM INTEGRATED PRODUCTS,        Case No. 3:07-cv-04424-MEJ
    INC.,
14                                    STIPULATION AND [PROPOSED] ORDER
                  Plaintiff,
15
         v.
16
    ANPEC ELECTRONICS CORP.,
17
                  Defendant.
18

19       The parties stipulate through undersigned counsel as follows:

20       1.   Plaintiff Maxim Integrated Products, Inc. ("Maxim") has delivered to Defendant

21  Anpec Electronics Corp. ("Anpec"), in Taiwan, an original summons and a copy of the complaint

22  in this matter. Maxim and Anpec dispute whether or not the delivery of the summons and

23  complaint effected service of process as required under the Federal Rules of Civil Procedure.

24       2.   Anpec has agreed to waive service of process pursuant to Fed. R. Civ. P. 4(d).

25  Anpec's written waiver of service of process is attached to this stipulation as Exhibit A.

26       3.   Anpec shall have until January 28, 2008, within which to file and serve its answer

27  to the complaint.

28

STIPULATION AND [PROPOSED] ORDER   -1-
NO. 3:07-cv-04424-MEJ

1
2  DATED: _____, 2007    **PERKINS COIE BROWN & BAIN P.A.**
3
   By: _____
4       Chad S. Campbell
        Suite 2000
5       2901 North Central Avenue
        Phoenix, AZ  85012-2788
6
        James R. Hannah, Bar No. 237978
7       PERKINS COIE LLP
        101 Jefferson Drive
8       Menlo Park, CA  94025-1114

9   Attorneys for Plaintiff
    Maxim Integrated Products, Inc.
10
11  DATED: _____, 2007    **AKIN GUMP STRAUSS HAUER & FELD LLP**
12
    By: _____
13      Ming-Tao Yang (SBN 221295)
        Two Palo Alto Square
14      3000 El Camino Real, Suite 400
        Palo Alto, CA  94306-2112
15      Telephone:  (650) 838-2000
        Facsimile:   (650) 838-2001
16
17  Attorneys for Defendant
    Anpec Electronics Corp.
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER       -2-
NO. 3:07-cv-04424-MEJ

[PROPOSED] ORDER

The Court having considered the parties' stipulation and finding good cause therefor,

IT IS ORDERED that:

The parties' stipulation is approved; Anpec has waived service of process pursuant to Fed. R. Civ. P. 4(d); and Anpec shall have until January 28, 2008 within which to file and serve its answer to the complaint.

Date:_____   _____
                                    Maria-Elena James
                                    United States Magistrate Judge