Chad S. Campbell (AZ Bar No. 012080)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
CSCampbell@perkinscoie.com

James R. Hannah (SBN 237978)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
Telephone:  650.838.4300
Facsimile:  650.838.4350
JHannah@perkinscoie.com

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANPEC ELECTRONICS CORP., <br><br> Defendant. | Case No. 07-CV-04424-PJH |

**MAXIM'S OPPOSITION TO ANPEC'S MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PURSUANT TO CIV. L.R. 6-3 AND FOR EXTENSION OF TIME FOR ANPEC TO ANSWER OR OTHERWISE RESPOND TO PLEADINGS**

**-AND-**

**MAXIM'S CROSS MOTION FOR RELIEF UNDER FED. Rs. CIV. P. 26(d) & (f)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Preliminary Statement**

Anpec cannot establish good cause for the delay it seeks to impose on the Court and on Maxim. Anpec's motion fails to inform the Court that Anpec has had the Complaint and has known about the December 6, 2007 case management conference date since early September 2007. Moreover, for the past several weeks, Maxim has been attempting to meet and confer with Anpec as the applicable rules and this Court's orders require, but Anpec has refused each of Maxim's attempts. Counsel for Anpec has refused to discuss any part of Maxim's written proposed discovery plan, the required case management events and other subjects such as ADR options. Counsel for Anpec has refused even to state when Anpec would be willing to meet and confer on those matters.

This is a straightforward case that addresses infringement of a single patent by products that Anpec has designed and sold and therefore knows well. Anpec does not need more time to answer Maxim's three-page Complaint. Nor is there any justification for waiting until after January 28, 2008 to discuss case management or to commence discovery. Anpec's motion should be denied and the case management conference should proceed in December 2007. In the alternative, Maxim should be deemed to have fulfilled its obligations under Rule 26(f) and should be permitted to proceed with discovery.

**Facts**

Headquartered in Sunnyvale, California, Maxim is a leading manufacturer and supplier of mixed signal integrated circuit products world-wide. Maxim's proprietary products are based on unique technologies developed through Maxim's systematic investment of time, engineering and financial resources. At issue in this case is Maxim's patented DirectDrive® headphone technology. Since its introduction, Maxim's DirectDrive® technology has become widely deployed in hand-held devices with audio capability. Unfortunately, Maxim's technology also has been copied by Anpec.

Maxim filed this case on August 27, 2007, and promptly sent a copy of the Complaint and the Court's initial scheduling orders to Anpec's principal officers in Hsinchu, Taiwan. [Campbell

1   Decl. ¶¶ 3-4 & Ex. A]  After Anpec refused to accept the Federal Express package containing

2   those documents, Maxim successfully arranged for the documents to be transmitted by facsimile.

3   Business representatives of Maxim and Anpec discussed the issues raised by the lawsuit and the

4   prospects for an out-of-court resolution during September 2007.  [*Id.* ¶5]

5         When those talks failed, Maxim retained local counsel in Taiwan to effect formal service

6   of process pursuant to Taiwan law and Fed. R. Civ. P. 4(f)(2)(A) & (h)(2).  [*Id.* ¶6]  On October

7   30, 2007, a package addressed to Anpec's Chairman was hand-delivered at Anpec's corporate

8   headquarters in Hsinchu, which contained the Summons, the Complaint, and the Court's initial

9   orders together with Chinese translations of each.  A Project Manager named Brian Lee signed

10  for the package.  A proof of service is now on file with the Court.  [*Id.* ¶6; Docket No. 8]

11        The day after service of the Complaint, Anpec's counsel wrote to Maxim's counsel

12  challenging the method of service but offering to waive the challenge in exchange for a

13  postponement of the answer deadline.  [Campbell Decl. ¶ 7 & Ex. B]  On November 2, 2007,

14  Maxim's counsel responded with two items:  (i) a draft stipulation for continuing the answer

15  deadline, and (ii) a request to meet and confer on November 6, 2007, to begin preparation for the

16  December 6, 2007, case management conference.  [*Id.* ¶ 8 & Ex. C]  Maxim cautioned Anpec that

17  the draft stipulation should not be construed as agreement that service of process had not already

18  been effected on Anpec.  [*Id.*]

19        When Anpec's counsel did not respond, Maxim's counsel left a voice mail message on

20  November 6, again requesting to meet and confer.  [Campbell Decl. ¶ 9]  Anpec's counsel

21  responded later that day by telephone and then by letter, in a manner that suggested Anpec might

22  use a delay of the answer deadline to avoid meeting and conferring.  [*Id.* ¶¶ 9-10 & Ex. D]  In

23  communications over the next 10 days, Anpec's objective to avoid meeting and conferring

24  became increasingly clear

25        •   By letter dated November 6, 2007, Anpec proposed not to meet and confer on the

26            ground that it planned to decline to proceed before Magistrate Judge James, which

27            would "likely change [] the Initial CMC date.  [Campbell Decl. Ex. D]

28

1       •    On November 8, 2007, Maxim sent Anpec a detailed draft of the joint case

2            management statement, setting out Maxim's positions on all of the matters

3            required by the Court's Standing Order, addressing discovery limits and a

4            discovery schedule and proposing ADR procedures.  Maxim again requested that

5            Anpec meet and confer on those topics and proposed large windows of time on

6            three separate dates for that purpose.  [*Id.* ¶ 12 & Ex. F]

7       •    Via e-mail exchange late on November 8 and 9, 2007, Anpec inquired about the

8            proposed continuance of the answer deadline—stating that it would address

9            Maxim's proposed joint case management statement in "a separate response."

10           Maxim communicated its concern about Anpec's refusal to address the request to

11           meet and confer and proposed stipulation language to ensure that any continuance

12           of the answer deadline would not be used as a reason to delay compliance with

13           Fed. R. Civ. P. 26(f) and the Court's ordered schedule.  [*Id.* ¶ 11 & Ex. E]

14       •    By letter dated November 12, 2007, Anpec wrote that it would not address

15           Maxim's draft joint case management statement because Anpec expected the date

16           for the initial case management conference to change.  Without indicating when or

17           how, and without even adverting to any of the specific dates and times that Maxim

18           had proposed, Anpec said that it was "willing to start the process of discussing the

19           preliminary matters and other discovery issues with you . . . ."  [*Id.* ¶ 13 & Ex. G]

20       •    On November 14, 2007, counsel for Maxim succeeded in reaching counsel for

21           Anpec by telephone.  Counsel for Anpec declined to address any of the matters

22           raised by Maxim under Rule 26(f) or the topics set out in Maxim's draft of the

23           joint case management statement.  Counsel for Anpec further declined to state

24           when Anpec would be willing to do so.  Later that day, Anpec filed a declination

25           to proceed before a magistrate judge.  [*Id.* ¶ 14]

26       •    On November 15, 2007, Maxim wrote to Anpec again requesting that Anpec meet

27           and confer.  [Campbell Decl. ¶¶ 15-16 & Ex. H]  Later that day, the parties

28           received notice that the case would be reassigned to a district judge, and Anpec

1    counsel sent an e-mail suggesting that the parties stipulate to continue the answer

2    deadline and stating that Anpec "comply with the case management conference

3    schedule adopted by the Judge to [whom] the case is assigned."  [Campbell Decl.

4    ¶ 17 & Ex. I]

5    After the re-assignment of this case and the Court's order confirming the original case

6    management conference date of December 6, counsel for Anpec decided not to proceed with the

7    schedule adopted by the Judge to whom the case was assigned.  In a telephone conference on

8    November 20, 2007, counsel for Anpec again confirmed that Anpec would not discuss Rule 26(f)

9    or other case management proposals that Maxim has raised and would not agree to a date before

10    February 2008 for doing so.  [*Id*. ¶¶ 19-20]

11    **Argument and Requested Relief**

12    Rule 26(f) requires the parties to meet and confer "as soon as practicable and in any event

13    at least 21 days before a scheduling conference is held."  Anpec has simply failed to comply with

14    that requirement.  Anpec cannot justify its refusals by contending that it is unsure about all of the

15    defenses it may raise or that it wants more time to investigate a counterclaim against Maxim.  The

16    rules provide for such contingencies by requiring that leave to amend pleadings be granted with

17    liberality.  *See* Fed. R. Civ. P. 15.  Anpec knows enough about its own products and about the

18    solitary claim for infringement of U.S. Patent No. 7,061,327 stated in the Complaint to discuss a

19    plan for discovery and the management of other litigation events in the case.  Moreover, ample

20    time remains for the parties to conclude a joint case management statement and participate in the

21    initial case management conference as ordered on December 6, 2007.  Consequently, Anpec's

22    request to delay the conference should be denied.

23    Notwithstanding the foregoing, Maxim would not object to a small adjustment of the case

24    management conference (i.e., to a different date in mid-December 2007) to accommodate the

25    stated travel schedule of Anpec's counsel.  Maxim also would not object to permitting Anpec to

26    file an answer on January 28, 2008—provided that Anpec agrees not to challenge service of

27    process and proceeds immediately to conclude the Rule 26(f) meet and confer process.

28

1    Otherwise, and contrary to the motion, Maxim objects to Anpec's requested continuance of the

2    answer deadline.

3            For the reasons explained, Maxim respectfully requests the court to grant relief as follows:

4            1.      Denying Anpec's motion and proceeding with the case management conference

5    set for December 6, 2007;

6            2.      In the alternative, setting the case management conference for the earliest available

7    date on or after December 10, 2007, and ordering Anpec to proceed immediately to conclude the

8    Rule 26(f) meet and confer process; or

9            3.      In the alternative, ordering that Maxim has satisfied its obligations under Rule

10   26(f) and permitting Maxim to proceed with discovery.

11                                          Respectfully submitted,

12

     DATED:  November 26, 2007                **PERKINS COIE BROWN & BAIN P.A.**

13

14                                          By:/s/ Chad S. Campbell
                                                 Chad S. Campbell
15                                               Suite 2000
                                                 2901 North Central Avenue
16                                               Phoenix, AZ  85012-2788

17                                               James R. Hannah
                                                 PERKINS COIE LLP
18                                               101 Jefferson Drive
                                                 Menlo Park, CA  94025-1114
19
                                            Attorneys for Plaintiff
20                                          MAXIM INTEGRATED PRODUCTS, INC.

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2007, I electronically transmitted the foregoing document to the Clerk's Office using the ECF e-filing system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Chad S. Campbell:      cscampbell@perkinscoie.com

James R. Hannah:      jhannah@perkinscoie.com

Attorneys for Plaintiff

        —and—

Yitai Hu:                    yhu@akingump.com

Sean P. DeBruine:      sdebruine@akingump.com

Ming-Tao Yang:        myang@akingump.com

Attorneys for Defendant


                                        By /s/ Mary Wadsworth