Chad S. Campbell (AZ Bar No. 012080)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
CSCampbell@perkinscoie.com

James R. Hannah (SBN 237978)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
Telephone:  650.838.4300
Facsimile:  650.838.4350
JHannah@perkinscoie.com

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANPEC ELECTRONICS CORP., <br><br> Defendant. | Case No. 07-CV-04424-PJH <br><br> **DECLARATION OF CHAD S. CAMPBELL IN OPPOSITION TO ANPEC'S MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE PURSUANT TO CIV. L.R. 6-3 AND FOR EXTENSION OF TIME FOR ANPEC TO ANSWER OR OTHERWISE RESPOND TO PLEADINGS** |

Chad S. Campbell declares:

1. My name is Chad S. Campbell. I am a director of PERKINS COIE BROWN & BAIN P.A., counsel of record for Maxim Integrated Products, Inc. ("Maxim") in this case. Except where noted below, I have personal knowledge of the facts set out in this declaration.

2. Maxim filed the complaint in this action on August 27, 2007.

3. Attached as Exhibit A is an accurate copy of an August 27, 2007 letter from Maxim's Senior Vice President and General Counsel to the Chairman, the General Manager and the Vice President of Anpec Electronics Corp. ("Anpec"). Exhibit A notifies Anpec of the filing

1  of this lawsuit and states that a copy of the Complaint and papers related to the lawsuit are
2  enclosed.

3      4.    I am informed and believe that Anpec initially refused to accept the Federal
4  Express package containing the original of Exhibit A (together with its enclosures) but that
5  Maxim successfully faxed those documents to Anpec in early September 2007.

6      5.    After notifying Anpec of the lawsuit and providing a copy of the Complaint,
7  Maxim waited to formally serve process while discussions proceeded between business
8  representatives of Maxim and Anpec about the infringement claim at issue and the potential for
9  the parties to reach a settlement without litigation.

10      6.    When the parties' discussions proved unsuccessful, Maxim retained local Taiwan
11  counsel to effect formal service of process on Anpec in conformity with Taiwan law.  According
12  to the proof of service on file with the Court (Docket No. 8), Anpec received formal service of
13  process on October 30, 2007.

14      7.    Attached as Exhibit B is an accurate copy of an October 31, 2007, letter from
15  Anpec counsel (Ming-Tao Yang) to me, offering to waive any challenge to the method of service
16  if Anpec could have until January 28, 2008, to answer the Complaint.

17      8.    Attached as Exhibit C is an accurate copy of a November 2, 2007 letter from me to
18  Anpec counsel proposing to meet and confer under Rule 26(f) on November 6, and enclosing a
19  draft stipulation to continue the answer deadline.  The November 2 letter specifically advised that
20  Maxim already had properly served Anpec with process.

21      9.    Counsel for Anpec did not respond to the request to meet and confer on November
22  6. On that day, I left a voice mail for and later spoke with Mr. Yang, who advised that he was
23  about to send a letter and that Anpec intended to decline to proceed before Magistrate Judge
24  James. I explained to Mr. Yang that the case management conference date would not necessarily
25  change simply because of a re-assignment and that Maxim would like to proceed with the meet
26  and confer process as ordered.  I further explained that in an effort to streamline and focus the
27  parties' efforts in that regard, I would prepare and send a draft of the joint case management
28

1  statement setting out Maxim's positions on the required subjects under Fed. R. Civ. P. 26(f) and
2  the Court's Standing Order for such statements.

3      10.    Attached as Exhibit D is an accurate copy of Anpec counsel's letter to me dated
4  November 6, 2007. The letter concludes by proposing to delay the meet and confer process.

5      11.    Attached as Exhibit E is an accurate copy of an e-mail exchange between Anpec
6  counsel and me during November 8-9, 2007.

7      12.    Attached as Exhibit F is an accurate copy of a November 8, 2007 letter (and an
8  enclosure) from me to each of Anpec's attorneys of record. The November 8 letter again requests
9  that Anpec proceed to meet and confer and proposes three separate dates for that purpose.
10  Enclosed with the letter is the draft joint case management statement that I promised to Anpec
11  counsel (Mr. Yang) on November 6.

12      13.    Attached as Exhibit G is an accurate copy of a November 12, 2007, letter from
13  Anpec counsel to me. The letter fails to address any of Maxim's proposed dates and times for
14  meeting and conferring and states Anpec's refusal to respond to the draft joint case management
15  statement.

16      14.    On November 14, 2007, I left voice mail messages for Mr. Yang in the morning
17  and (when I did not hear back from him) for Sean DeBruine, another of Anpec's attorneys of
18  record. Mr. DeBruine and I spoke by telephone late in the afternoon of November 14, 2007. Mr.
19  DeBruine declined to discuss any of the matters covered by Rule 26(f), the substance of Maxim's
20  proposed joint case management statement, or ADR options that would be acceptable to Anpec.

21      15.    During the evening of November 14, 2007, I received an e-mail notification from
22  the Clerk that Anpec had filed a declination to proceed before Magistrate Judge James.

23      16.    On the morning of November 15, 2007, I wrote to Anpec's counsel again
24  requesting that Anpec meet and confer and engage in the case management process. An accurate
25  copy of that letter is attached as Exhibit H.

26      17.    Late in the afternoon of November 15, 2007, Anpec's counsel sent me an e-mail
27  (an accurate copy of which is attached as Exhibit I) requesting that Maxim stipulate to a

28

1  continuance of Anpec's answer date and indicating that Anpec would "comply with the case
2  management conference schedule adopted by the Judge to which the case is assigned."

3  18.  On the morning of November 16, 2007, I e-mailed Anpec's counsel a response
4  reconfirming Maxim's concern that the meet and confer process not be delayed and inquiring
5  whether Anpec would agree to meet and confer by December 6, 2007. An accurate copy of that
6  e-mail is attached as Exhibit J.

7  19.  On November 19, 2007, my office received from the Clerk an e-mail notice of this
8  Court's Order re-confirming the original case management conference date of December 6, 2007.

9  20.  On November 19 and 20, 2007, Anpec's counsel and I again communicated by e-
10  mail and telephone. Counsel indicated that Anpec was not willing to meet and confer or to
11  proceed with the case management process until after the January 28, 2008 date that Anpec seeks
12  as the deadline for answering the complaint.

13  I declare under penalty of perjury of the laws of the United States that the foregoing is true
14  and correct.

15  DATED: November 26, 2007.           /s/ Chad S. Campbell
                                        Chad S. Campbell

DECLARATION OF CHAD S. CAMPBELL IN
OPPOSITION TO ANPEC'S MOTION TO CONTINUE          - 4 -          NO. 07-CV-04424-PJH
CASE MANAGEMENT CONFERENCE

# CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2007, I electronically transmitted the foregoing document to the Clerk's Office using the ECF e-filing system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Chad S. Campbell:   cscampbell@perkinscoie.com

James R. Hannah:   jhannah@perkinscoie.com

Attorneys for Plaintiff

—and—

Yitai Hu:   yhu@akingump.com

Sean P. DeBruine:   sdebruine@akingump.com

Ming-Tao Yang:   myang@akingump.com

Attorneys for Defendant

By /s/ Mary Wadsworth