*Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*
**Case No. 07-cv-04424-PJH**

**Index of Exhibits**
**Declaration of Chad S. Campbell in Opposition to Anpec's Motion to Continue Case Management Conference Pursuant to Civ. L.R. 6-3 and for Extension of Time for Anpec to Answer or Otherwise Respond to Pleadings**

| Exhibit | Description |
|---------|-------------|
| A | Accurate copy of an August 27, 2007 letter from Maxim's Senior Vice President and General Counsel to the Chairman, the General Manager and the Vice President of Anpec Electronics Corp. |
| B | Accurate copy of an October 31, 2007 letter from Anpec counsel (Ming-Tao Yang) to Chad Campbell |
| C | Accurate copy of a November 2, 2007 letter from Chad Campbell to Anpec counsel |
| D | Accurate copy of Anpec counsel's letter to Chad Campbell dated November 6, 2007 |
| E | Accurate copy of an email exchange between Anpec counsel and Chad Campbell during November 8-9, 2007 |
| F | Accurate copy of a November 8, 2007 letter with enclosure from Chad Campbell to each of Anpec's attorneys of record |
| G | Accurate copy of a November 12, 2007 letter from Anpec counsel to Chad Campbell |
| H | Accurate copy of November 15, 2007 letter from Chad Campbell to Anpec's counsel |
| I | Accurate copy of November 15, 2007 email from Anpec's counsel to Chad Campbell |
| J | Accurate copy of November 16, 2007 email from Chad Campbell to Anpec's counsel |

# EXHIBIT A



Maxim Integrated Products
120 San Gabriel Drive
Sunnyvale, California 94086
(408) 737-7600

    August 28, 2007

Shen-Nan Chen, Chairman
Jew-Sun Chen, General Manager
Chih Hsin Wang, Vice President
Anpec Electronics Corporation
No. 6 Dusing 1st Rd., SBIP
Hsin-Chu, Taiwan, R.O.C.

<u>Maxim's U.S. Patent No. 7,061,327</u>

Gentlemen:

Enclosed is a courtesy copy of the complaint and related papers in a lawsuit that Maxim Integrated Products Inc. has filed against Anpec Electronics Corporation in the United States District Court for the Northern District of California. The complaint alleges infringement of the above Maxim patent by Anpec.

Maxim Integrated Products is a leading supplier of analog and mixed signal semiconductor products, including driver amplifier products for audio applications. Maxim invests heavily in time, engineering and manufacturing resources to ensure that its customers receive innovative products filled with value, functionality and superior quality. Virtually all of Maxim's products are proprietary to Maxim.

For the past several years, Maxim has been providing driver amplifier products for headphones using unique and superior technology invented at Maxim. The technology in question is protected by U.S. Patent, No. 7,061,327, which is assigned to and owned exclusive by Maxim.

Unfortunately, Anpec has elected to fabricate and sell driver amplifier products for headphones in direct competition with Maxim, using Maxim's patent-protected technology. We refer you in particular to Anpec's APA2056 and APA2057 products for examples of driver amplifier chips that infringe Maxim's patent rights.

Given the effort and investment expended to invent and introduce the patented technology, Maxim cannot permit Anpec to continue to make unauthorized use of it. In this case, because the Anpec products are so clearly within the reach of Maxim's patent rights, we believe that it would be preferable to discuss a resolution of the issue before significant resources are expended in litigation. If Anpec is interested in engaging in such discussions (aimed at reaching a prompt agreement that would avoid the need to proceed with active litigation), please contact me within the next 14 days.

Sincerely,

Charles G. Rigg
Senior Vice President and General Counsel

Enclosures

# EXHIBIT B

# AKIN GUMP
## STRAUSS HAUER & FELDLLP
**Attorneys at Law**

Ming-Tao Yang
650.838.2188/fax: 650.838.2001
myang@akingump.com

October 31, 2007

***VIA EMAIL AND FIRST CLASS MAIL***

Chad S. Campbell Esq.
Perkins Coie Brown & Bain P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, AZ 85001-0400

Re:    *Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*, N.D. Cal.
       Case No. 3:07-cv-04424-MEJ

Dear Mr. Campbell,

   We represent Anpec Electronics Corp., a company located in Hsinchu, Taiwan, in the suit identified above. We understand that Maxim delivered to Anpec a courtesy copy of the complaint and summons on October 30, 2007, but has not effected service on Anpec. We are not authorized to accept service on behalf of Anpec. However, to avoid unnecessary delay and expense in service, Anpec would be willing to consider your courtesy copy as a request for waiver and waive the service in exchange for having 90 days to answer the complaint under Fed. R. Civ. P. 4(d). Please feel free to contact me if you have any questions.

Sincerely,

Ming-Tao Yang

Maxim Integrated Products, Inc. v. Anpec Electronics Corp., N.D. Cal, Case No. 3:07-cv-04424-MEJ

**From:** Campbell, Chad (Perkins Coie Brown & Bain)
**Sent:** Friday, November 02, 2007 8:00 AM
**To:** Wadsworth, Mary (Perkins Coie Brown & Bain)
**Subject:** FW: Maxim Integrated Products, Inc. v. Anpec Electronics Corp., N.D. Cal, Case No. 3:07-cv-04424-MEJ

**Attachments:** 10_31_07_ltr_From_MTY_To_CCampbell.pdf
For the file.

---

**From:** Englund, Jason [mailto:jenglund@AKINGUMP.com]
**Sent:** Wednesday, October 31, 2007 4:29 PM
**To:** Campbell, Chad (Perkins Coie Brown & Bain)
**Cc:** Hu, Yitai; DeBruine, Sean; Yang, Ming-Tao; Kapralov, Sasha
**Subject:** Maxim Integrated Products, Inc. v. Anpec Electronics Corp., N.D. Cal, Case No. 3:07-cv-04424-MEJ

Mr. Campbell,

Attached, please find a letter from Ming-Tao Yang regarding the above captioned matter.

Regards,

Jason Englund
Legal Secretary
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square
?00 El Camino Real, Suite 400
?lo Alto, California 94306
650-838-2007 (Direct)
650-838-2001 (Fax)

<<10_31_07_ltr_From_MTY_To_CCampbell.pdf>>

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT C



Perkins
Coie
Brown
& Bain

Chad S. Campbell
PHONE: (602) 351-8393
FAX:  (602) 648-7193
EMAIL: CSCampbell@perkinscoie.com

2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8000
FAX: 602.648.7000
www.perkinscoie.com

November 2, 2007

**VIA E-MAIL (myang@akingump.com)**
**AND U.S. MAIL**

Ming-Tao Yang
Akin Gump Strauss Hauer & Feld LLP
Two Palo Alto Square
Suite 400
3000 El Camino Real
Palo Alto. CA  94308-2002

Re:   *Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*
       **N.D. Cal. Case No. 3:07-cv-04424-MEJ**

Dear Mr. Yang:

Thank you for communicating Anpec's offer to waive service of process under Fed. R. Civ. P. 4 as indicated in your letter of October 31, 2007. Enclosed for your review are a draft stipulation and a written waiver to implement the terms suggested in your letter. Please let us know whether the drafts are acceptable.

Although Maxim is willing to enter into the enclosed stipulation, Maxim disagrees with Anpec's assessment regarding service of the summons and complaint on Anpec. Maxim provided Anpec with a courtesy copy of the complaint in early September 2007. The original summons and copy of the complaint delivered on October 30, 2007 were served by Maxim's Taiwan counsel in compliance with Taiwan law, and as permitted under Fed. R. Civ. P. 4(f)((2)(A) and (h)(2). As a result, Maxim's assent to the enclosed stipulation does not constitute and should not be interpreted by Anpec to indicate agreement with Anpec's position that service has not yet been effected.

Ming-Tao Yang
November 2, 2007
Page 2

Finally, under the Order Setting Initial Case Management Conference, the parties have been directed to meet and confer regarding initial disclosures and other preliminary matters by November 15, 2007. We propose a telephone conference for that purpose on Tuesday, November 6, 2007 at 10:00 am PST. Please let us know whether that date and time are acceptable.

We look forward to hearing from you.

Sincerely,

Chad S. Campbell

Chad S. Campbell

CAM:mw

Enclosures

13701812.1

DRAFT

1  Chad S. Campbell, Arizona Bar No. 012080
   PERKINS COIE BROWN & BAIN P.A.
2  2901 North Central Avenue, Suite 2000
   Phoenix, AZ  85012-2788
3  Telephone: 602.351.8000
   Facsimile: 602.648.7000
4  CSCampbell@perkinscoie.com

5  James R. Hannah, Bar No. 237978
   PERKINS COIE LLP
6  101 Jefferson Drive
   Menlo Park, CA  94025-1114
7  Telephone: 650.838.4300
   Facsimile: 650.838.4350
8  JHannah@perkinscoie.com

9  Attorneys for Plaintiff
   Maxim Integrated Products, Inc.

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  MAXIM INTEGRATED PRODUCTS,            Case No. 3:07-cv-04424-MEJ
    INC.,
14                                        STIPULATION AND [PROPOSED] ORDER
                        Plaintiff,
15
         v.
16
    ANPEC ELECTRONICS CORP.,
17
                        Defendant.
18

19       The parties stipulate through undersigned counsel as follows:

20       1.      Plaintiff Maxim Integrated Products, Inc. ("Maxim") has delivered to Defendant

21  Anpec Electronics Corp. ("Anpec"), in Taiwan, an original summons and a copy of the complaint

22  in this matter.  Maxim and Anpec dispute whether or not the delivery of the summons and

23  complaint effected service of process as required under the Federal Rules of Civil Procedure.

24       2.      Anpec has agreed to waive service of process pursuant to Fed. R. Civ. P. 4(d).

25  Anpec's written waiver of service of process is attached to this stipulation as Exhibit A.

26       3.      Anpec shall have until January 28, 2008, within which to file and serve its answer

27  to the complaint.

28

STIPULATION AND [PROPOSED] ORDER          -1-
NO. 3:07-cv-04424-MEJ

DRAFT

DATED: _____, 2007      **PERKINS COIE BROWN & BAIN P.A.**


By: _____
    Chad S. Campbell
    Suite 2000
    2901 North Central Avenue
    Phoenix, AZ  85012-2788

    James R. Hannah, Bar No. 237978
    PERKINS COIE LLP
    101 Jefferson Drive
    Menlo Park, CA  94025-1114

Attorneys for Plaintiff
Maxim Integrated Products, Inc.


DATED: _____, 2007      **AKIN GUMP STRAUSS HAUER & FELD LLP**


By: _____
    Ming-Tao Yang
    Two Palo Alto Square
    Suite 400
    3000 El Camino Real
    Palo Alto, CA  94308-2112


Attorneys for Defendant
Anpec Electronics Corp.

DRAFT

1

[PROPOSED] ORDER

The Court having considered the parties' stipulation and finding good cause therefor,

IT IS ORDERED that:

The parties' stipulation is approved; Anpec has waived service of process; and Anpec shall have until January 28, 2008 within which to file and serve its answer to the complaint.

Date:_____          _____
                                       Maria-Elena James
                                       United States Magistrate Judge

DRAFT

1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10   MAXIM INTEGRATED PRODUCTS,          Case No. 3:07-cv-04424-MEJ
     INC.,
11                                       WAIVER OF SERVICE OF PROCESS
                    Plaintiff,
12
13         v.

14   ANPEC ELECTRONICS CORP.,

15                  Defendant.

16         Pursuant to Federal Rule of Civil Procedure 4(d), Anpec Electronics Corporation hereby

17   waives service of process of the summons and complaint in the above-captioned case.

18   Date: _____      ANPEC ELECTRONICS CORPORATION

19

20                                       By: _____
                                             Title: _____
21

22   Date: _____      AKIN GUMP STRAUSS HAUER & FELD LLP

23

24                                       _____
                                         Counsel for Anpec Electronics Corporation
25

26

27

28

WAIVER OF SERVICE OF PROCESS                    -1-
NO. 3:07-cv-04424-MEJ

| | |
|---|---|
| **From:** | Wadsworth, Mary (Perkins Coie Brown & Bain) on behalf of Campbell, Chad (Perkins Coie Brown & Bain) |
| **Sent:** | Friday, November 02, 2007 2:10 PM |
| **To:** | 'myang@akingump.com' |
| **Subject:** | Maxim v. Anpec, N.D. Cal. Case No. 3:07-cv-04424-MEJ |
| **Attachments:** | 11-2-07 Campbell Letter to Yang.pdf; Stipulation Re Service of Process.pdf; Stipulation Re Service of Process.doc; Waiver of Service of Process.pdf; Waiver of Service of Process.doc |

Attached is a letter with enclosures from Chad Campbell.

   

| 11-2-07 Campbell Letter to Yan... | Stipulation Re Service of Proc... | Stipulation Re Service of Proc... | Waiver of Service of Process.p... | Waiver of Service of Process.d... |
|---|---|---|---|---|

*Mary Wadsworth*
*Legal Secretary to Chad S. Campbell*
*Perkins Coie Brown & Bain P.A.*
*2901 North Central Avenue, Suite 2000*
*Phoenix, AZ  85012*
*Email:  mwadsworth@perkinscoie.com*
*Direct Telephone:  602-351-8068*

# EXHIBIT D

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
**Attorneys at Law**

Ming-Tao Yang
650.838.2488/fax: 650.838.2001
myang@akingump.com

November 6, 2007

*VIA EMAIL AND FIRST CLASS MAIL*

Chad S. Campbell Esq.
Perkins Coie Brown & Bain P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, AZ 85001-0400

      Re:    *Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*, N.D. Cal.
             Case No. 3:07-cv-04424-MEJ

Dear Mr. Campbell,

      Thank you for your November 2, 2007 letter regarding the parties' agreement to proceed with the waiver of service under Fed. R. Civ. P. 4. I made minor changes to the stipulation and enclosed the redline version for your review. For the waiver form, I suggest that we use the standard Court form of the Northern District of California. I have signed both documents as enclosed and agree that you may file both with the Court.

      Additionally, it is Anpec's intention to decline proceeding with the case before a Magistrate Judge, and we plan to submit Anpec's declination later this week. Therefore, given the likely change of the Initial CMC date, I propose having the meet and confer regarding the initial disclosures and other preliminary matters at a later date.

                  Sincerely,

                  Ming-Tao Yang

Enclosures

DRAFT

1    Chad S. Campbell, Arizona Bar No. 012080
     PERKINS COIE BROWN & BAIN P.A.
2    2901 North Central Avenue, Suite 2000
     Phoenix, AZ 85012-2788
3    Telephone: 602.351.8000
     Facsimile: 602.648.7000
4    CSCampbell@perkinscoie.com

5    James R. Hannah, Bar No. 237978
     PERKINS COIE LLP
6    101 Jefferson Drive
     Menlo Park, CA 94025-1114
7    Telephone: 650.838.4300
     Facsimile: 650.838.4350
8    JHannah@perkinscoie.com

9    Attorneys for Plaintiff
     Maxim Integrated Products, Inc.

10

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13   MAXIM INTEGRATED PRODUCTS,        Case No. 3:07-cv-04424-MEJ
     INC.,
14                                     STIPULATION AND [PROPOSED] ORDER
                       Plaintiff,
15
          v.
16
     ANPEC ELECTRONICS CORP.,
17
                       Defendant.
18

19        The parties stipulate through undersigned counsel as follows:

20        1.    Plaintiff Maxim Integrated Products, Inc. ("Maxim") has delivered to Defendant

21   Anpec Electronics Corp. ("Anpec"), in Taiwan, an original summons and a copy of the complaint

22   in this matter.  Maxim and Anpec dispute whether or not the delivery of the summons and

23   complaint effected service of process as required under the Federal Rules of Civil Procedure.

24        2.    Anpec has agreed to waive service of process pursuant to Fed. R. Civ. P. 4(d).

25   Anpec's written waiver of service of process is attached to this stipulation as Exhibit A.

26        3.    Anpec shall have until January 28, 2008, within which to file and serve its answer

27   to the complaint.

28

~~DRAFT~~

DATED: _____, 2007        **PERKINS COIE BROWN & BAIN P.A.**

By: _____
                                        Chad S. Campbell
                                        Suite 2000
                                        2901 North Central Avenue
                                        Phoenix, AZ  85012-2788

                                        James R. Hannah, Bar No. 237978
                                        PERKINS COIE LLP
                                        101 Jefferson Drive
                                        Menlo Park, CA  94025-1114

                                        Attorneys for Plaintiff
                                        Maxim Integrated Products, Inc.

DATED: _____, 2007        **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____
                                        Ming-Tao Yang (SBN 221295)
                                        Two Palo Alto Square
                                        3000 El Camino Real, Suite 400
                                        Palo Alto, CA  94306-2112
                                        Telephone:  (650) 838-2000
                                        Facsimile:  (650) 838-2001
                                        ~~Two Palo Alto Square~~
                                        ~~Suite 400~~
                                        ~~3000 El Camino Real~~
                                        ~~Palo Alto, CA  94308-2112~~

                                        Attorneys for Defendant
                                        Anpec Electronics Corp.

DRAFT

1    [PROPOSED] ORDER

2    The Court having considered the parties' stipulation and finding good cause therefor,

3    IT IS ORDERED that:

4    The parties' stipulation is approved; Anpec has waived service of process pursuant to Fed.

5    R. Civ. P. 4(d); and Anpec shall have until January 28, 2008 within which to file and serve its

6    answer to the complaint.

7

8    Date:_____        _____

                                             Maria-Elena James
9                                            United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Anpec Electronics Corp.__ ⬛ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Maxim Integrated Products Inc. v Anpec Electronics Corp.__ ,
(CAPTION OF ACTION)

which is case number __07: cv-04424-MEJ__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __October 30, 2007__ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__Nov. 5, 2007__          ~signature~
(DATE)                    (SIGNATURE)

Printed/Typed Name: __Ming-Tao Yang__

As __Attorney__ of __Anpec Electronics Corp.__
(TITLE)          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

1  Chad S. Campbell, Arizona Bar No. 012080
   PERKINS COIE BROWN & BAIN P.A.
2  2901 North Central Avenue, Suite 2000
   Phoenix, AZ 85012-2788
3  Telephone: 602.351.8000
   Facsimile: 602.648.7000
4  CSCampbell@perkinscoie.com

5  James R. Hannah, Bar No. 237978
   PERKINS COIE LLP
6  101 Jefferson Drive
   Menlo Park, CA 94025-1114
7  Telephone: 650.838.4300
   Facsimile: 650.838.4350
8  JHannah@perkinscoie.com

9  Attorneys for Plaintiff
   Maxim Integrated Products, Inc.

10

11                 UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13  MAXIM INTEGRATED PRODUCTS,        Case No. 3:07-cv-04424-MEJ
    INC.,
14                                    STIPULATION AND [PROPOSED] ORDER
                  Plaintiff,
15
         v.
16
    ANPEC ELECTRONICS CORP.,
17
                  Defendant.
18

19        The parties stipulate through undersigned counsel as follows:

20        1.      Plaintiff Maxim Integrated Products, Inc. ("Maxim") has delivered to Defendant

21  Anpec Electronics Corp. ("Anpec"), in Taiwan, an original summons and a copy of the complaint

22  in this matter.   Maxim and Anpec dispute whether or not the delivery of the summons and

23  complaint effected service of process as required under the Federal Rules of Civil Procedure.

24        2.      Anpec has agreed to waive service of process pursuant to Fed. R. Civ. P. 4(d).

25  Anpec's written waiver of service of process is attached to this stipulation as Exhibit A.

26        3.      Anpec shall have until January 28, 2008, within which to file and serve its answer

27  to the complaint.

28

---
STIPULATION AND [PROPOSED] ORDER          -1-
NO. 3:07-cv-04424-MEJ

1

2  DATED: _____, 2007        **PERKINS COIE BROWN & BAIN P.A.**

3                                      By: _____

4                                          Chad S. Campbell
                                           Suite 2000
5                                          2901 North Central Avenue
                                           Phoenix, AZ 85012-2788

6                                          James R. Hannah, Bar No. 237978
                                           PERKINS COIE LLP
7                                          101 Jefferson Drive
                                           Menlo Park, CA 94025-1114

8

9                                      Attorneys for Plaintiff
                                       Maxim Integrated Products, Inc.

10

11 DATED: _Nov. 5_____, 2007           **AKIN GUMP STRAUSS HAUER & FELD LLP**

12                                     By: _____

13                                         Ming-Tao Yang (SBN 221295)
                                           Two Palo Alto Square
14                                         3000 El Camino Real, Suite 400
                                           Palo Alto, CA 94306-2112
15                                         Telephone: (650) 838-2000
                                           Facsimile: (650) 838-2001
16

17                                     Attorneys for Defendant
                                       Anpec Electronics Corp.
18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER

The Court having considered the parties' stipulation and finding good cause therefor,

IT IS ORDERED that:

The parties' stipulation is approved; Anpec has waived service of process pursuant to Fed. R. Civ. P. 4(d); and Anpec shall have until January 28, 2008 within which to file and serve its answer to the complaint.

Date:_____     _____

Maria-Elena James
United States Magistrate Judge

**EXHIBIT E**

## Wadsworth, Mary (Perkins Coie Brown & Bain)

**From:**     Campbell, Chad (Perkins Coie Brown & Bain)
**Sent:**     Friday, November 09, 2007 8:47 AM
**To:**       'Yang, Ming-Tao'
**Cc:**       DeBruine, Sean; Hu, Yitai
**Subject:**  RE: Maxim v. Anpec

Ming-Tao,

In view of our recent communications, Maxim has become concerned about the potential for an
agreed postponement of the answer deadline to be used as a reason to delay the meet and confer process under
Rule 26(f) and the initial case management conference.  We can address that concern by adding a paragraph to
the stipulation as follows:

> "4.  Notwithstanding the agreed deadline for Anpec's answer, the parties will proceed with the Rule 26(f)
> conference and the completion of the joint case management statement without delay.  The agreed
> deadline for Anpec's answer shall not be used by the parties as a reason to delay the initial case
> management conference."

Please let me know whether that language is acceptable and we will update the stipulation accordingly.

Regards,

Chad

---

**From:** Yang, Ming-Tao [mailto:myang@akingump.com]
**Sent:** Thursday, November 08, 2007 8:41 PM
**To:** Campbell, Chad (Perkins Coie Brown & Bain)
**Cc:** DeBruine, Sean; Hu, Yitai
**Subject:** RE: Maxim v. Anpec

Dear Mr. Campbell,

You should have both the electronic and original of our signed stipulation and waiver of service of process by
now.  Please let us know when you expect to file the stipulation.  Alternatively, if you would like to send us your
signed stipulation, we will be happy to file it from our end.

We will provide a separate response to your letter today regarding the proposed joint case statement and the
statement itself.  Thank you.

Best Regards,
Ming

Ming-Tao Yang
Akin Gump Strauss Hauer & Feld, LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306
650.838.2188 (Direct)
650.838.2000 (General)
650.838.2001 (Fax)
650.305.0656 (Cell)

11/21/2007

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

**EXHIBIT F**



Perkins
Coie
Brown
& Bain

Chad S. Campbell
PHONE: (602) 351-8393
FAX: (602) 648-7193
EMAIL: CSCampbell@perkinscoie.com

2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
PHONE 602.351.8000
FAX 602.648.7000
www.perkinscoie.com

November 8, 2007

**VIA E-MAIL AND U.S. MAIL**

Yitai Hu (yhu@akingump.com)
Sean P. DeBruine (sdebruine@akingump.com)
Ming-Tao Yang (myang@akingump.com)
Akin Gump Strauss Hauer & Feld LLP
Two Palo Alto Square
Suite 400
3000 El Camino Real
Palo Alto, CA 94308-2002

   Re: *Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*
     **N.D. Cal. Case No. 3:07-cv-04424-MEJ**

Gentlemen:

   This letter responds to Mr. Yang's letter of November 6, 2007 and follows up on the matters that Mr. Yang and I discussed on that date.

   In the phone conversation, Mr. Yang informed me that Anpec expected to decline to proceed before a Magistrate Judge for all purposes in the case, which might cause the Court to reschedule the case management conference presently set for December 6, 2007. Mr. Yang also advised, however, that Anpec is willing to proceed without delay to conclude the meet and confer process required under Fed. R. Civ. P. 26(f) and the applicable local rules. Maxim appreciates Anpec's willingness to conclude the meet and confer process under Rule 26(f). In an effort to facilitate and focus our discussions, the enclosed draft sets out Maxim's positions and proposals for the discovery plan and joint case management statement. We look forward to receiving your input.

Ming-Tao Yang
Yitai Hu
Sean P. DeBruine
November 8, 2007
Page 2

Maxim can be available Friday, November 9 in the morning or afternoon, next Monday, November 12 in the morning after 9:00 am PST or on Tuesday, November 13, 2007 after 12 noon PST. Please let us know which date and time will work, or propose another date and time prior to November 15, 2007. We will do our best to accommodate your schedules.

Sincerely,

Chad S. Campbell

Chad S. Campbell

CAM:mw

Enclosure

13715283.1

## Wadsworth, Mary (Perkins Coie Brown Bain)

| | |
|---|---|
| From: | Wadsworth, Mary (Perkins Coie Brown & Bain) on behalf of Campbell, Chad (Perkins Coie Brown & Bain) |
| Sent: | Thursday, November 08, 2007 2:38 PM |
| To: | Ming-Tao Yang; Sean P. DeBruine; Yitai Hu |
| Subject: | Maxim v. Anpec |
| Attachments: | 11-8-07 Campbell Letter to Anpec Counsel.pdf; Draft Joint Case Management Statement.doc |

Attached is a letter with enclosure from Chad Campbell.

   

11-8-07 Campbell      Draft Joint Case
Letter to Anp...       Management St...

*Mary Wadsworth*
*Legal Secretary to Chad S. Campbell*
*Perkins Coie Brown & Bain P.A.*
*2901 North Central Avenue, Suite 2000*
*Phoenix, AZ 85012*
*Email: mwadsworth@perkinscoie.com*
*Direct Telephone: 602-351-8068*

1

Chad S. Campbell (AZ Bar No. 012080)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
CSCampbell@perkinscoie.com

James R. Hannah (SBN 237978)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
Telephone:  650.838.4300
Facsimile:  650.838.4350
JHannah@perkinscoie.com

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANPEC ELECTRONICS CORP., <br><br> Defendant. | Case No. 07-CV-04424-MEJ <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Maxim Integrated Products, Inc. ("Maxim") and Defendant Anpec Electronics Corp. ("Anpec") submit this joint case management statement pursuant to Fed. R. Civ. P. 16, Civil L.R. 16-9, and the Court's Standing Order.

1.    <u>Jurisdiction and Service</u>:  This is a patent infringement case.  The Court has subject matter jurisdiction under 28 U.S.C. § 1338.

Maxim alleges that the Court has personal jurisdiction over Anpec because Anpec has committed acts of infringement within or directed at this judicial district.  On October 30, 2007, Maxim caused the complaint and summons to be served on Anpec at its headquarters in Taiwan. Service was effected pursuant to Taiwan law by delivery through a licensed Taiwan attorney, in

1  compliance with Fed. R. Civ. P. 4(f)(A) and (h)(2).  In addition, in exchange for Maxim's

2  stipulation to a continuance of the answer deadline to January 28, 2007, Anpec has waived

3  service of process pursuant to Fed. R. Civ. P. 4(d).

4  [ANPEC]

5  2.  Facts:

6  Maxim is the owner of U.S. Patent No. 7,061,327, entitled "SINGLE SUPPLY

7  HEADPHONE DRIVER/CHARGE PUMP COMBINATION" (the "'327 patent").  The

8  application for the '327 patent was filed on January 24, 2002, and the patent issued on June 13,

9  2006.  Using the patented technology, Maxim manufacturers and sells a variety of amplifier-

10  driver integrated circuit products that permit a wide array of personal electronic devices to

11  provide high quality stereo output for head phones.  Maxim's patented devices are used in

12  notebook computers, MP3 players, cell phones, and other hand-held electronic products.  Anpec

13  competes with Maxim in the market for headphone amplifier-driver integrated circuit products.

14  Anpec's competing products use Maxim's patented technology.  Maxim has demanded that

15  Anpec stop its infringement of the '327 patent and compensate Maxim for Anpec's prior use of

16  Maxim's patented technology, but Anpec has declined to do so.

17  [ANPEC]

18  3.  Legal Issues:  Maxim asserts infringement under 35 U.S.C. § 271, and seeks

19  injunctive relief under 35 U.S.C. § 283 and damages under 35 U.S.C. § 284.

20  4.  Motions:  There are no pending motions.

21  After some discovery, Maxim may wish to file a summary judgment motion on one or

22  more aspects of its claims or Anpec's defenses.

23  [ANPEC]

24  5.  Amendment of Pleadings:  Maxim does not anticipate amending the complaint at

25  this time.  The parties have stipulated that Anpec may have until January 28, 2008 within which

26  to answer the complaint.

27

28

6.       Evidence Preservation:

Maxim has taken steps to preserve both hard copy and electronically-stored information that may be relevant to its patented technology and products.

[ANPEC]

7.       Disclosures:   [Note that Maxim expects to be in a position to exchange initial disclosures by November 29, 2007.]

8.       Discovery:   Aside from initial disclosures, no formal discovery has been taken. The parties do not propose to vary the limits on discovery set out in the applicable rules.  Because discovery is likely to require the disclosure of confidential business or technical information of the parties, counsel expect to submit an agreed form of protective order for consideration and entry by the Court to regulate and limit the disclosure and use of such confidential information.

Maxim expects to conduct written and deposition discovery regarding the design, operation, use and sales of Anpec's headphone driver-amplifier products.  Maxim also expects to conduct discovery relevant to defenses that Anpec may raise in answer to the complaint.

[ANPEC]

9.       Class Action:  This is not a class action.

10.       Related Cases:  Maxim is unaware of any related case.

11.       Relief:   Maxim seeks damages for infringement, an injunction to prevent future infringement, and attorney's fees.  35 U.S.C. §§ 283 to 285.  Although the amount of Maxim's damages cannot be quantified without discovery regarding the sales of Anpec's infringing products, such damages may be established on the basis of the profit that Maxim has lost because of Anpec's sales of infringing integrated circuit products or on the basis of a reasonable royalty for Anpec's use of the patented technology.

12.       Settlement and ADR:  Business executives of the parties already have attempted to negotiate a resolution of the dispute, without success.  As required by ADR L.R. 3-5, counsel for the parties have discussed the available ADR options and have agreed to attempt mediation through the ADR Multi-Option Program.  [Note that Maxim would not oppose an early settlement conference with a magistrate judge instead.]

13.    <u>Consent to Magistrate Judge for All Purposes</u>:  Anpec has filed a declination to proceed before a United States Magistrate Judge and has requested reassignment to a United States District Judge.

14.    <u>Other References</u>:  The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel or Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>:  The parties expect that the patent claim construction decision of disputed claim terms (pursuant to the process set out in the Patent Local Civil Rules) may help to narrow the issues in dispute.

16.    <u>Expedited Schedule</u>:  The parties do not propose special procedures for handling this case.

17.    <u>Scheduling</u>:

Maxim proposes the following schedule:

| Fact Discovery Cutoff | May 23, 2008 |
|---|---|
| Exchange Initial Expert Reports (each party on issues as to which it bears the burden of proof) | June 20, 2008 |
| Exchange Rebuttal Expert Reports | July 25, 2008 |
| Expert Discovery Cutoff | August 29, 2008 |
| Last Day to File Dispositive Motions | September 26, 2008 |
| Pre-trial Conference | November 20, 2008 |
| Trial | December 1, 2008 |

[ANPEC]

18.    <u>Trial</u>:  Maxim has demanded a trial by jury, and estimates that the matter will require 7 trial days.

1      19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>:

2      Maxim has filed the Certification of Interested Entities or Persons required by Civil L.R.

3  3-16.  Pursuant to Civil L.R. 3-16, the undersigned counsel for Maxim certifies that as of this

4  date, other than the named parties, there is no such interest to report.

5      [ANPEC]

6      20.    <u>Other Matters—Patent L.R. 2-1(a)</u>:  The parties do not propose any modification

7  to the procedures set out in the Patent Local Rules.  At this time, the parties do not anticipate

8  presenting live testimony at the Claim Construction Hearing.  Nor do the parties propose specific

9  limits on discovery related to claim construction.  The parties anticipate that Maxim as the patent

10  holder will present first at the Claim Construction Hearing.  The parties request that the Court

11  schedule the a Claim Construction Prehearing Conference at the Court's earliest convenience

12  following the filing of the Joint Claim Construction and Prehearing Statement, which the parties

13  estimate will be filed by _____.

14

15  DATED:  _____, 2007     **PERKINS COIE BROWN & BAIN P.A.**

16

17      By: _____
         Chad S. Campbell
         Suite 2000

18         2901 North Central Avenue
         Phoenix, AZ  85012-2788

19

20         James R. Hannah
         PERKINS COIE LLP
         101 Jefferson Drive

21         Menlo Park, CA  94025-1114

22         Attorneys for Plaintiff
         MAXIM INTEGRATED PRODUCTS, INC.

23

24

25

26

27

28

1    DATED: _____, 2007        **AKIN GUMP STRAUSS HAUER & FELD** LLP

2

3                                         By: _____
                                              Yitai Hu (SBN 248085)
4                                             Sean P. DeBruine (SBN 168071)
                                              Ming-Tao Yang (SBN 221295)
5                                             Two Palo Alto Square
                                              3000 El Camino Real, Suite 400
6                                             Palo Alto, CA  94306-2112
                                              Telephone:  (650) 838-2000
7                                             Facsimile:   (650) 838-2001

8                                         Attorneys for Defendant
                                          Anpec Electronics Corp.

9

10

11

12
     13715387.1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

# AKIN GUMP
## STRAUSS HAUER & FELD LLP

■■■■■■■■■ Attorneys at Law

**Ming-Tao Yang**
650.838.2188/fax: 650.838.2001
myang@akingump.com

November 12, 2007

## *VIA EMAIL AND FIRST CLASS MAIL*

Chad S. Campbell Esq.
Perkins Coie Brown & Bain P.A.
2901 North Central Avenue
Post Office Box 400
Phoenix, AZ 85001-0400

      Re:   *Maxim Integrated Products, Inc. v. Anpec Electronics Corp.*, N.D. Cal.
              Case No. 3:07-cv-04424-MEJ

Dear Chad,

        Thank you for your email on November 9, 2007. Anpec cannot agree to your proposal of maintaining an initial Case Management Conference (CMC) date of December 6, 2007, which is long before the January 28, 2008 date for Anpec to respond to Maxim's complaint.

        As you know, Courts regularly set the initial CMC date to occur after the date that the parties are required to respond to each other's claims and counterclaims. It is a matter of practicality because much of the discovery plan and case schedule flows from not only the plaintiff's claims but the defendant's counterclaims as well as the plaintiff's defenses to those counterclaims. In fact, Fed. R. Civ. P. Rule 26(f) requires that the parties "<u>confer to consider the nature and basis of their claims and defenses</u> and the possibilities for a prompt settlement or resolution of the case . . . ." While we are willing to start the process of discussing the preliminary matters and other discovery issues with you, we do not wish to waste the Court's or the parties' time in prematurely creating and presenting a case management plan and then having the Court and the parties spend additional time later to modify it based on Anpec's counterclaims and defenses and Maxim's defenses. In addition, we do not wish to usurp the Court's authority in setting the initial CMC. As I stated, Anpec intends to object to the current assignment to a Magistrate, and the new Judge will need to set a CMC date based on his or her calendar and on the due dates of the parties' answers and counterclaims.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━ Attorneys at Law

November 12, 2007
Page 2


      Please do not hesitate to call me if you would like to discuss this matter further.  Thank you.

                    Sincerely,

                    *Ming Tao Yang /GCM*

                    Ming-Tao Yang

# EXHIBIT H



Chad S. Campbell
PHONE: (602) 351-8393
FAX:    (602) 648-7193
EMAIL: CSCampbell@perkinscoie.com

2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8000
FAX: 602.648.7000
www.perkinscoie.com

November 15, 2007

**VIA E-MAIL (sdebruine@akingump.com)**
**AND U.S. MAIL**

Sean P. DeBruine
Akin Gump Strauss Hauer & Feld LLP
Two Palo Alto Square
Suite 400
3000 El Camino Real
Palo Alto, CA  94308-2002

> **Re:**   ***Maxim Integrated Products, Inc. v. Anpec Electronics Corp.***
> **N.D. Cal. Case No. 3:07-cv-04424-MEJ**

Dear Sean:

    Thank you for returning my telephone call yesterday.   After our telephone conversation, I received an electronic notice indicating that Anpec has now filed a declination to proceed before a Magistrate Judge.  Although it is possible that the reassignment of the case to a District Judge may cause the currently scheduled case management deadlines to change, there has not yet been a change, and the Court's current order requires that the parties complete two things by today:

        (i)    To meet and confer regarding initial disclosures, early settlement, ADR process selection and a discovery plan;

        (ii)   To file a Joint ADR Certification with Stipulation to ADR or Process or a Notice of Need for ADR Phone Conference.

    Over the past two weeks, Maxim has repeatedly invited Anpec to discuss the above subjects and has communicated Maxim's position on each of them in writing. Yesterday, in our telephone conversation, I again asked for Anpec's views.  Anpec has

Sean P. DeBruine
November 15, 2007
Page 2

declined, however, to respond or to comment about the substance of any of the above subjects. My understanding from our conversation is that Anpec is declining to engage on those subjects because it has not yet filed an answer and because it believes that the case management conference will be rescheduled. If that is not correct, please let me know.

Given the Court's current order, and the above-described understanding of Anpec's position, Maxim will be filing today, at the close of business, a Notice of Need for ADR Phone Conference. If Anpec is willing to submit the notice jointly, as the Court's order requires, or if you would like to attempt to reach agreement on an ADR process so that a stipulation can be filed instead of the Notice of Need for ADR Phone Conference, please let me know right away. I will make myself available to speak with you.

With regard to Anpec's answer, as I indicated yesterday, Maxim remains willing to stipulate to an answer date of January 28, 2008, provided that the postponement of the answer is not used as a reason to delay the meet and confer process. As an alternative to Maxim's proposed paragraph 4 from last week, you might consider and let us know whether the following formulation would work:

> "4.    Anpec has filed a declination to proceed before a Magistrate Judge. In the event that the currently scheduled case management conference is rescheduled by the Court, Anpec agrees to make itself available to meet and confer pursuant to Federal Rule of Procedure 26(f), before December 6, 2007."

Sincerely,

*Chad A. Campbell*

Chad S. Campbell

CAM:mw

cc:    Yitai Hu (yhu@akingump.com)
       Ming-Tao Yang (myang@akingump.com)

13736487.1

**From:**       Wadsworth, Mary (Perkins Coie Brown & Bain)
**Sent:**       Thursday, November 15, 2007 10:30 AM
**To:**         Ming-Tao Yang; Sean P. DeBruine; Yitai Hu
**Subject:**    Maxim v. Anpec

**Attachments:**    Campbell Letter to DeBruine.pdf
Attached is a letter from Chad Campbell.



Campbell Letter to
DeBruine.pd...

*Mary Wadsworth*
*Legal Secretary to Chad S. Campbell*
*Perkins Coie Brown & Bain P.A.*
*2901 North Central Avenue, Suite 2000*
*Phoenix. AZ 85012*
*Email: mwadsworth@perkinscoie.com*
*Direct Telephone: 602-351-8068*

# EXHIBIT I

## Campbell, Chad (Perkins Coie Brown & Bain)

**From:**     DeBruine, Sean [sdebruine@akingump.com]
**Sent:**     Thursday, November 15, 2007 1:52 PM
**To:**       Campbell, Chad (Perkins Coie Brown & Bain)
**Subject:**  Maxim Integrated Products v. Anpec Electronics

Dear Chad,

Thank you for your letter of earlier today.  By now I expect that you have been served with the Clerk's Notice of the impending reassignment of the case to a District Court Judge, along with the Order by Magistrate Judge James vacating the case management conference.  In light of this Order, the concerns raised in your letter now appear to be moot.  I therefore ask that you file the stipulation concerning waiver of service and extension of time for Anpec to answer in the form that the parties originally agreed.  Anpec will then answer the Complaint and comply with the case management conference schedule adopted by the Judge to which the case is  assigned.

I appreciate your cooperation. Please feel free to call me if you have any questions or concerns.

Best regards,

Sean P. DeBruine
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square, Suite 400, Palo Alto, CA  94306
650.838.2121 phone
650.838.2001 fax
sdebruine@akingump.com

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a

11/23/2007

**EXHIBIT J**

## Campbell, Chad (Perkins Coie Brown & Bain)

**From:**    Campbell, Chad (Perkins Coie Brown & Bain)
**Sent:**    Friday, November 16, 2007 7:27 AM
**To:**    'DeBruine, Sean'
**Subject:** RE: Maxim Integrated Products v. Anpec Electronics

Sean, the vacation of the dates from the original scheduling order did eliminate the need to file a Notice of Need for ADR Telephone Conference. But Maxim's concern that a postponement of the answer date not be used as a reason to delay meeting and conferring under Rule 26(f) remains. Is Anpec willing to meet and confer under Rule 26(f) by December 6?

Chad

---

**From:** DeBruine, Sean [mailto:sdebruine@akingump.com]
**Sent:** Thursday, November 15, 2007 1:52 PM
**To:** Campbell, Chad (Perkins Coie Brown & Bain)
**Subject:** Maxim Integrated Products v. Anpec Electronics

Dear Chad,

Thank you for your letter of earlier today. By now I expect that you have been served with the Clerk's Notice of the impending reassignment of the case to a District Court Judge, along with the Order by Magistrate Judge James vacating the case management conference. In light of this Order, the concerns raised in your letter now appear to be moot. I therefore ask that you file the stipulation concerning waiver of service and extension of time for Anpec to answer in the form that the parties originally agreed. Anpec will then answer the Complaint and comply with the case management conference schedule adopted by the Judge to which the case is assigned.

I appreciate your cooperation. Please feel free to call me if you have any questions or concerns.

Best regards,

Sean P. DeBruine
AKIN GUMP STRAUSS HAUER & FELD LLP
2 Palo Alto Square, Suite 400, Palo Alto, CA 94306
650.838.2121 phone
650.838.2001 fax
sdebruine@akingump.com

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a