1  Chad S. Campbell (AZ Bar No. 012080)
   PERKINS COIE BROWN & BAIN P.A.
2  2901 North Central Avenue, Suite 2000
   Phoenix, AZ  85012-2788
3  Telephone:  602.351.8000
   Facsimile:  602.648.7000
4  CSCampbell@perkinscoie.com

5  James R. Hannah (SBN 237978)
   PERKINS COIE LLP
6  101 Jefferson Drive
   Menlo Park, CA  94025-1114
7  Telephone:  650.838.4300
   Facsimile:  650.838.4350
8  JHannah@perkinscoie.com

9  Attorneys for Plaintiff
   MAXIM INTEGRATED PRODUCTS, INC.
10

   Yitai Hu (SBN 248085)
11 Sean P. DeBruine (SBN 168071)
   Ming-Tao Yang (SBN 221295)
12 AKIN GUMP STRAUSS HAUER & FELD LLP
   Two Palo Alto Square
13 3000 El Camino Real, Suite 400
   Palo Alto, CA  94306-2112
14 Telephone:  (650) 838-2000
   Facsimile:  (650) 838-2001
15 yhu@akingump.com
   sdebruine@akingump.com
16 myang@akingump.com

17 Attorneys for Defendant
   ANPEC ELECTRONICS CORP.
18

19              UNITED STATES DISTRICT COURT
20              NORTHERN DISTRICT OF CALIFORNIA
21
22

   MAXIM INTEGRATED PRODUCTS,          Case No. 07-CV-04424-PJH
23 INC.,
                                       **JOINT CASE MANAGEMENT
24              Plaintiff,             STATEMENT**

25       v.

26 ANPEC ELECTRONICS CORP.,

27              Defendant.

28

JOINT CASE MANAGEMENT STATEMENT       - 1 -              NO. 07-CV-04424-PJH

1        Plaintiff Maxim Integrated Products, Inc. ("Maxim") and Defendant Anpec Electronics

2   Corp. ("Anpec") submit this joint case management statement pursuant to Fed. R. Civ. P. 26,

3   Civil L.R. 16-9, Patent L.R. 2-1, and the Court's Standing Order.

4        1.    Jurisdiction and Service:  This is a patent infringement case.  The Court has

5   subject matter jurisdiction under 28 U.S.C. § 1338.

6        Anpec has chosen not to dispute the Court's personal jurisdiction or the adequacy of

7   service of process in order to arrive at a prompt resolution of dispute on the merits.

8        2.    Facts:

9        **Maxim's Position:**  Maxim is the owner of U.S. Patent No. 7,061,327, entitled "SINGLE

10  SUPPLY  HEADPHONE  DRIVER/CHARGE  PUMP  COMBINATION"  (the  "'327  patent").

11  The  application  for  the  '327  patent  was  filed  on  January  24,  2002,  and  the  patent  issued  on

12  June  13,  2006.    Using  the  patented  technology,  Maxim  manufactures  and  sells  a  variety  of

13  amplifier-driver  integrated  circuit  products  that  permit  a  wide  array  of  personal  electronic  devices

14  to  provide  high  quality  stereo  output  for  head  phones.    Maxim's  patented  devices  are  used  in

15  notebook  computers,  MP3  players,  cell  phones,  and  other  hand-held  electronic  products.    Anpec

16  competes  with  Maxim  in  the  market  for  headphone  amplifier-driver  integrated  circuit  products.

17  Anpec's  competing  products  use  Maxim's  patented  technology.    Maxim  has  demanded  that

18  Anpec  stop  its  infringement  of  the  '327  patent  and  compensate  Maxim  for  Anpec's  prior  use  of

19  Maxim's patented technology, but Anpec has declined to do so.

20       **Anpec's Position:**  Anpec's products do not infringe the any claims of the '327 patent,

21  which relates to and claims a specific headphone amplifier design.  In particular, the patent claims

22  require a circuitry "being driven by a single supply voltage VDD" or "a single power input."

23  Anpec's headphone amplifiers use a dual-voltage (or dual-power-supply) design that are outside

24  the scope of the '327 patent.  In addition, that patent claims are invalid in light of the prior art and

25  may be unenforceable, and Maxim violated 35 U.S.C. § 292 by falsely marked its products as

26  "patented" before the '327 patent issued.

27       3.    Legal Issues:   Maxim asserts infringement under 35 U.S.C. § 271, and seeks

28  injunctive relief under 35 U.S.C. § 283 and damages under 35 U.S.C. § 284.  Anpec asserts that

1   the accused products do not infringe the '327 patent and the '327 patent is invalid and/or

2   unenforceable.

3       4.      Motions:  There are no pending motions.

4       Both parties anticipate that some or all of the issues in this case may be amenable to

5   resolution by motions for summary judgment.

6       5.      Amendment of Pleadings:  Maxim does not anticipate amending the complaint at

7   this time.  Pursuant to the Court's Order on November 28, 2007, Anpec has until January 28,

8   2008 to answer the complaint.

9       6.      Evidence Preservation:  Maxim has taken steps to preserve both hard copy and

10  electronically-stored information that may be relevant to its patented technology and products.

11      Anpec has taken steps to preserve documents that may be relevant to the claims and

12  counterclaims in the case.

13      7.      Disclosures:    The parties have agreed to exchange initial disclosures on

14  January 24, 2008.

15      8.      Discovery:  The parties do not propose to vary the limits on discovery set out in

16  the applicable rules.  Because discovery is likely to require the disclosure of confidential business

17  or technical information of the parties, counsel expect to submit an agreed form of protective

18  order for consideration and entry by the Court to regulate and limit the disclosure and use of such

19  confidential information.

20      Maxim expects to conduct written and deposition discovery regarding the design,

21  operation, use and sales of Anpec's headphone driver-amplifier products.  Maxim also expects to

22  conduct discovery relevant to defenses that Anpec may raise in answer to the complaint.

23      Anpec expects to conduct written and deposition discovery regarding the patent, the

24  claims and Anpec's counterclaims at issue, including Maxim's conception and reduction to

25  practice of the alleged invention in the '327 patent, the prosecution of the patent application, and

26  use of and representations made relating to its alleged technology; Maxim's alleged loss of profits

27  and damages; Maxim's knowledge of and understanding relating to prior art to the '327 patent,

28  and Maxim's false marking of its products as patented before the issuance of the '327 patent.

1    9.    <u>Class Action</u>: This is not a class action.

2    10.    <u>Related Cases</u>: Maxim is unaware of any related case.

3    11.    <u>Relief</u>: Maxim seeks damages for infringement, an injunction to prevent future

4    infringement, and attorney's fees. 35 U.S.C. §§ 283 to 285. Although the amount of Maxim's

5    damages cannot be quantified without discovery regarding the sales of Anpec's infringing

6    products, such damages may be established on the basis of the profit that Maxim has lost because

7    of Anpec's sales of infringing integrated circuit products or on the basis of a reasonable royalty

8    for Anpec's use of the patented technology.

9    Anpec requests the Court to declare that the patent is not infringed by the accused

10    products and that the claims are invalid and unenforceable. Anpec may also request the Court to

11    find the case exceptional and award costs and attorney's fees to Anpec.

12    12.    <u>Settlement and ADR</u>: Business executives of the parties already have attempted to

13    negotiate a resolution of the dispute, without success. As required by ADR L.R. 3-5, counsel for

14    the parties have discussed the available ADR options and have agreed to attend an early

15    settlement conference with a magistrate judge. The parties jointly submitted a notice to the Court

16    on January 10, 2008 to request the settlement conference, and an ADR phone conference has been

17    scheduled for January 29, 2008.

18    13.    <u>Consent to Magistrate Judge for All Purposes</u>: The Court has reassigned this case

19    to Judge Phyllis J. Hamilton.

20    14.    <u>Other References</u>: The parties do not believe this case is suitable for reference to

21    binding arbitration, a special master, or the Judicial Panel or Multidistrict Litigation.

22    15.    <u>Narrowing of Issues</u>: The parties expect that the settlement conference as agreed

23    to by the parties and the Court's claim construction of disputed claim terms may help to narrow

24    the issues in dispute.

25    16.    <u>Expedited Schedule</u>: The parties do not propose special procedures for handling

26    this case.

27    17.    <u>Scheduling</u>:

28    The parties propose the following schedule:

| Event | Date |
|---|---|
| Fed. R. Civ. P. Rule 26 Initial Disclosures | Jan. 24, 2008 |
| Initial Case Management Conference | Jan. 31, 2008 |
| Plaintiff to serve Patent L.R. 3-1 and 3-2 Disclosures for patent(s) asserted | Feb. 14, 2008 |
| Defendant to serve Patent L. R. 3-3 and 3-4 Disclosures for patent(s) asserted | Mar. 31, 2008 |
| Each Party to exchange Patent L. R. 4-1 Disclosures | Apr. 14, 2008 |
| Each Party to exchange Patent L. R. 4-2 Disclosures | May 5, 2008 |
| Deadline to file Patent L. R. 4-3 Joint Claim Construction and Prehearing Statement | May 30, 2008 |
| Each Party to submit claim construction expert reports. Maxim proposes June 16, 2008. Anpec submits that Patent L.R. 4-2 provides that the parties shall exchange, when exchanging their Preliminary Claim Constructions, the "testimony of percipient and expert witnesses" supporting their respective claim constructions and therefore proposes May 5, 2008, if any expert report is submitted. | To be determined by the Court |
| Claim construction discovery cut-off pursuant to Patent L. R. 4-4 | June 30, 2008 |
| Plaintiff to file Opening Claim Construction Brief | July 14, 2007 |
| Defendant to file Responsive Claim Construction Brief | July 28, 2008 |
| Plaintiff to file Reply Claim Construction Brief | Aug.4, 2008 |
| Claim Construction Hearing (Subject to the convenience of the Court's calendar) | Aug. 20, 2008 |

Anpec submits, consistent with the Court's Standing Order for Patent Cases, that the parties meet and confer to propose the post claim-construction schedule and attend a Further Case Management Conference following the issuance of the Claim Construction Order.

Maxim proposes the following schedule for the remainder of the case:

1

| | |
|---|---|
| Non-Expert Discovery Cutoff | Oct. 20, 2008 |
| Exchange Initial Expert Reports (each party on issues as to which it bears the burden of proof) | Oct. 20, 2008 |
| Exchange Rebuttal Expert Reports | Nov. 17, 2008 |
| Expert Discovery Cutoff | Dec. 15, 2008 |
| Last Day to File Dispositive Motions | Jan. 12, 2009 |
| Pre-trial Conference | March 4, 2009 |
| Trial | March 18, 2009 |

18.    Trial:  Maxim and Anpec have demanded a trial by jury, and estimate that the matter will require 5 trial days.

19.    Disclosure of Non-Party Interested Entities or Persons:

Maxim has filed the Certification of Interested Entities or Persons required by Civil L.R. 3-16.  Pursuant to Civil L.R. 3-16, the undersigned counsel for Maxim certifies that as of this date, other than the named parties, there is no such interest to report.

Anpec will file a Certification of Interested Entities or Persons required by Civil L.R. 3-16.  Pursuant to Civil L.R. 3-16, the undersigned counsel for Anpec certifies that as of this date, other than the named parties, there is no such interest to report.

20.    Other Matters—Patent L.R. 2-1(a):  The parties do not propose any modification to the procedures set out in the Patent Local Rules.  At this time, the parties do not anticipate presenting live testimony at the Claim Construction Hearing.  Nor do the parties propose specific limits on discovery related to claim construction other than that the Court sets in the Standing Order for Patent Cases.  The parties anticipate that Maxim as the patent holder will present first at the Claim Construction Hearing.   The parties request that the Court schedule a Claim Construction Prehearing Conference at the Court's earliest convenience following the filing of the Joint Claim Construction and Prehearing Statement, which the parties estimate will be filed by May 30, 2008.

1

2   DATED:  January 24, 2008          **PERKINS COIE BROWN & BAIN P.A.**

3
                                       By: /s/ Chad S. Campbell
4                                           Chad S. Campbell
                                            Suite 2000
5                                           2901 North Central Avenue
                                            Phoenix, AZ  85012-2788
6
                                            James R. Hannah
7                                           PERKINS COIE LLP
                                            101 Jefferson Drive
8                                           Menlo Park, CA  94025-1114

9                                      Attorneys for Plaintiff
                                       MAXIM INTEGRATED PRODUCTS, INC.
10

11  DATED:  January 24, 2008          **AKIN GUMP STRAUSS HAUER & FELD LLP**

12
                                       By: /s/ Ming-Tao Yang
13                                          Yitai Hu (SBN 248085)
                                            Sean P. DeBruine (SBN 168071)
14                                          Ming-Tao Yang (SBN 221295)
                                            Two Palo Alto Square
15                                          3000 El Camino Real, Suite 400
                                            Palo Alto, CA  94306-2112
16                                          Telephone:  (650) 838-2000
                                            Facsimile:  (650) 838-2001
17
                                       Attorneys for Defendant
18                                     Anpec Electronics Corp.

19

20

21

22

23

24

25

26

27

28

1

**ATTACHMENT TO**

2

**JOINT CASE MANAGEMENT STATEMENT**

3

4          Pursuant to General Order 45, section X.B., I hereby attest that concurrence in the filing of

5     this document has been obtained from Ming-Tao Yang, counsel for Anpec Electronics Corp.

6

7     Dated:  January 24, 2007                    By: /s/ Chad S. Campbell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that on January 24, 2008, I electronically transmitted the foregoing

3    document to the Clerk's Office using the ECF e-filing system for filing and transmittal of a

4    Notice of Electronic Filing to the following ECF registrants:

5        Chad S. Campbell:    cscampbell@perkinscoie.com

6        James R. Hannah:    jhannah@perkinscoie.com

7        Attorneys for Plaintiff

8            —and—

9        Yitai Hu:    yhu@akingump.com

10       Sean P. DeBruine:    sdebruine@akingump.com

11       Ming-Tao Yang:    myang@akingump.com

12       Attorneys for Defendant

13

14                                    By /s/ Mary Wadsworth

15

16    13906688.1

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT      - 9 -                    NO. 07-CV-04424-PJH