YITAI HU (SBN 248085)
SEAN P. DEBRUINE (SBN 168071)
MING-TAO YANG (SBN 221295)
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306-2112
Telephone:      (650) 838-2000
Facsimile:       (650) 838-2001
sdebruine@akingump.com

Attorneys for Defendant
ANPEC ELECTRONICS CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS INC., | CASE NO. 07-CV-04424-PJH |
| Plaintiff, | **ANSWERS AND COUNTERCLAIMS OF ANPEC ELECTRONICS CORPORATION** |
| v. | |
| ANPEC ELECTRONICS CORPORATION | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Defendant Anpec Electronics Corporation ("Anpec") hereby answers the Complaint of Maxim Integrated Products, Inc. ("Maxim") as follows:

## THE PARTIES

1. On information and belief, Maxim Integrated Products, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Sunnyvale, California. Anpec is without knowledge or information sufficient to form a belief as to the truth of other allegations in paragraph 1 and therefore denies same.

2. Anpec admits that Anpec is a Taiwan corporation with its principal place of business in Hsin-Chu, Taiwan.

## JURISDICTION

3. Anpec admits that Maxim claims patent infringement under the patent laws of the United States. Anpec also admits that this Court has subject matter jurisdiction of this matter under the patent laws of the United States of America.

## VENUE

4. Anpec does not contest the venue or the Court's personal jurisdiction but denies other allegations in paragraph 4.

## PATENT INFRINGEMENT

5. Anpec admits that U.S. Patent No. 7,061,327, as indicated on its face, was issued on June 13, 2006 by the U.S. Patent and Trademark Office to Tony Doy. Anpec denies other allegation in paragraph 5.

6. Anpec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies same.

7. The '327 patent, according to its title, relates to "Single Supply Headphone Driver/Charge Pump Combination." Anpec denies other allegations in paragraph 7.

8. Anpec denies the allegations in paragraph 8.

## FIRST CAUSE OF ACTION

9. Anpec incorporates by reference its answers to the allegations of paragraphs 1 through 8 above.

10. Anpec denies the allegations in paragraph 10.

1

11.     Anpec denies the allegations in paragraph 11.

### FIRST AFFIRMATIVE DEFENSE

12.     The claims of the '327 patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of Title 35 U.S.C. Sections 101, 102, 103, and 112 (and/or under applicable judicial precedent).

### SECOND AFFIRMATIVE DEFENSE

13.     Anpec has not infringed and does not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim of the '327 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

14.     Maxim is barred by prosecution history estoppel from contending that any claim of the '327 patent covers products made, used, sold, offered for sale or imported by Anpec by virtue of statements and admissions made by the named inventor and/or counsel during proceedings before the U.S. Patent and Trademark Office.

### COUNTERCLAIMS

Anpec counterclaims against Maxim as follows:

### PARTIES

1.     Anpec Electronics Corp. is a corporation organized under the laws of Taiwan, ROC with its principal place of business in Hsin-chu, Taiwan.

2.     On information and belief, Maxim Integrated Products, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Sunnyvale, California.

3.     By its Complaint in this matter, Maxim alleges that Anpec infringes the '327 patent. Anpec denies that allegation, and contents that it has not infringed and does not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim of the '327 patent, either literally or under the doctrine of equivalents.

### JURISDICTION

4.     This Court has subject matter jurisdiction over the counterclaims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  This Court has personal jurisdiction over Maxim with respect to the counterclaims because Maxim submitted itself to the Court's jurisdiction and

because Maxim has its principal place of business within this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### FIRST CAUSE OF ACTION

(Declaratory Relief – '327 Patent Noninfringement)

6. Anpec hereby incorporates by reference paragraphs 1 through 3 above as though fully set forth herein.

### SECOND CAUSE OF ACTION

(Declaratory Relief – '327 Patent Invalidity

7. One or more of the claims of the '327 patent are invalid for failure to comply with one or more of the requirements of Title 35 U.S.C. Sections 101, 102, 103, and 112 (and/or under applicable judicial precedent).

### THIRD CAUSE OF ACTION

(False Marking)

8. In violation of 35 U.S.C. Section 292, Maxim falsely advertised and/or marked its products as "patented" with the intent of deceiving the public before the '327 patent was issued on June 13, 2006.

9. In violation of 35 U.S.C. Section 292, Maxim falsely advertised and/or marked its "DirectDrive" technology as "patented" with the intent of deceiving the public before the '327 patent was issued on June 13, 2006.

### PRAYER FOR RELIEF

WHEREFORE, Anpec prays for judgment as follows:

1. Dismiss Maxim's Complaint with prejudice.
2. Award Maxim nothing against Anpec.
3. A declaration that:
   a. The claims of the '327 patent are invalid;
   b. The claims of '327 are unenforceable;
   c. Anpec has not infringed and currently is not infringing (whether directly, indirectly, contributorily, by inducement, literally or under the doctrine of equivalents) any claim of the '327 patent; and

3

      d. This case is exceptional under 35 U.S.C. § 285 and that Anpec be awarded its reasonable attorneys' fees.

4. That Maxim's shall be fined $500 pursuant 35 U.S.C. Section 292 for each instance of false advertisement and marking and for each product it sold and each transaction occurred during the period of its false advertisement and marking.

5. Award Anpec, pursuant 35 U.S.C. Section 292, one-half of the total amount Maxim is fined under paragraph 4.

6. For such other and further relief as this Court deems just and proper.

Dated: January 28, 2008      Respectfully submitted:

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By      /S/
      Sean P. DeBruine

Attorneys for Defendant and Counterclaimant

ANPEC ELECTRONICS CORPORATION