Chad S. Campbell (AZ Bar No. 012080)
Aaron Matz (AZ Bar No. 024108)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
CSCampbell@perkinscoie.com
AMatz@perkinscoie.com

Esha Bandyopadhyay (CA Bar No. 212249)
Zhuanjia Gu (CA Bar No. 244863)
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: 650.838.4300
Facsimile: 650.838.4350
EBandyopadhyay@perkinscoie.com
ZGu@perkinscoie.com

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

Yitai Hu (CA Bar No. 248085)
Sean P. DeBruine (CA Bar No. 168071)
Ming-Tao Yang (CA Bar No. 221295)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306-2112
Telephone: (650) 838-2000
Facsimile: (650) 838-2001
yhu@akingump.com
sdebruine@akingump.com
myang@akingump.com

Attorneys for Defendant
ANPEC ELECTRONICS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANPEC ELECTRONICS CORP.,<br><br>Defendant. | Case No. 07-CV-04424-PJH<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT** |

1    Plaintiff Maxim Integrated Products, Inc. ("Maxim") and Defendant Anpec Electronics
2  Corp. ("Anpec") submit this second joint case management statement pursuant to Fed. R. Civ. P.
3  26, Civil L.R. 16-9, Patent L.R. 2-1, the Court's Standing Order, and the Court's Order
4  Continuing Case Management Conference, dated February 1, 2008.

5    1.    <u>Jurisdiction and Service</u>:  This is a patent infringement case.  The Court has
6  subject matter jurisdiction under 28 U.S.C. § 1338.

7    Anpec has chosen not to dispute the Court's personal jurisdiction or the adequacy of
8  service of process in order to arrive at a prompt resolution of dispute on the merits.

9    2.    <u>Facts</u>:

10   **Maxim's Position:**  Maxim is the owner of U.S. Patent No. 7,061,327, entitled "SINGLE
11  SUPPLY HEADPHONE DRIVER/CHARGE PUMP COMBINATION" (the "'327 patent").
12  The application for the '327 patent was filed on January 24, 2002, and the patent issued on
13  June 13, 2006.  Using the patented technology, Maxim manufactures and sells a variety of
14  amplifier-driver integrated circuit products that permit a wide array of personal electronic devices
15  to provide high quality stereo output for head phones.  Maxim's patented devices are used in
16  notebook computers, MP3 players, cell phones, and other hand-held electronic products.  Anpec
17  competes with Maxim in the market for headphone amplifier-driver integrated circuit products.
18  Anpec's competing products use Maxim's patented technology.  Maxim has demanded that
19  Anpec stop its infringement of the '327 patent and compensate Maxim for Anpec's prior use of
20  Maxim's patented technology, but Anpec has declined to do so.

21   **Anpec's Position:**  Anpec's products do not infringe the any claims of the '327 patent,
22  which relates to and claims a specific headphone amplifier design.  In particular, the patent claims
23  require a circuitry "being driven by a single supply voltage VDD" or "a single power input."
24  Anpec's headphone amplifiers use a dual-voltage (or dual-power-supply) design that are outside
25  the scope of the '327 patent.  In addition, that patent claims are invalid in light of the prior art and
26  may be unenforceable, and Maxim violated 35 U.S.C. § 292 by falsely marking its products as
27  "patented" before the '327 patent issued.

28

SECOND JOINT CASE MANAGEMENT STATEMENT    - 2 -    NO. 07-CV-04424-PJH

1         3.     <u>Legal Issues</u>:  Maxim asserts infringement under 35 U.S.C. § 271, and seeks injunctive relief under 35 U.S.C. § 283 and damages under 35 U.S.C. § 284.  Anpec asserts that the accused products do not infringe the '327 patent and the '327 patent is invalid and/or unenforceable.

          4.     <u>Motions</u>:  There are no pending motions.

          Both parties anticipate that some or all of the issues in this case may be amenable to resolution by motions for summary judgment.

          5.     <u>Amendment of Pleadings</u>:  Maxim does not anticipate amending the complaint at this time.  Anpec does not anticipate amending its answers and counterclaims at this time.

          6.     <u>Evidence Preservation</u>:  The parties have taken steps to preserve documents and electronically-stored information that may be relevant to the claims and counterclaims in the case.

          7.     <u>Disclosures</u>:  The parties exchanged initial disclosures on January 24, 2008.

          8.     <u>Discovery</u>:  The parties do not propose to vary the limits on discovery set out in the applicable rules.  Because discovery is likely to require the disclosure of confidential business or technical information of the parties, counsel expect to submit an agreed form of protective order for consideration and entry by the Court to regulate and limit the disclosure and use of such confidential information.

          Maxim expects to conduct written and deposition discovery regarding the design, operation, use and sales of Anpec's headphone driver-amplifier products.  Maxim also expects to conduct discovery relevant to defenses that Anpec may raise in answer to the complaint.  Maxim served its First Requests for Production of Documents on Anpec on January 15, 2008.

          Anpec expects to conduct written and deposition discovery regarding the patent, the claims and Anpec's counterclaims at issue, including Maxim's conception and reduction to practice of the alleged invention in the '327 patent, the prosecution of the patent application, and use of and representations made relating to its alleged technology; Maxim's alleged loss of profits and damages; Maxim's knowledge of and understanding relating to prior art to the '327 patent, and Maxim's false marking of its products as patented before the issuance of the '327 patent.

1  Anpec served its First Set of Requests for Production of Documents and Things on Anpec on
2  January 10, 2008.

3      9.    <u>Class Action</u>:  This is not a class action.

4      10.    <u>Related Cases</u>:  Maxim is unaware of any related case.

5      11.    <u>Relief</u>:  Maxim seeks damages for infringement, an injunction to prevent future
6  infringement, and attorney's fees.  35 U.S.C. §§ 283 to 285.  Although the amount of Maxim's
7  damages cannot be quantified without discovery regarding the sales of Anpec's infringing
8  products, such damages may be established on the basis of the profit that Maxim has lost because
9  of Anpec's sales of infringing integrated circuit products or on the basis of a reasonable royalty
10 for Anpec's use of the patented technology.

11     12.    Anpec requests the Court to dismiss the complaint with prejudice and declare that
12 the patent is not infringed by the accused products and that the claims are invalid and
13 unenforceable.  Pursuant 35 U.S.C. § 292, Anpec also requests the Court to fine Maxim $500 for
14 each instance of false marking and award Anpec one-half of the fine.  Anpec may also request the
15 Court to find the case exceptional and award costs and attorney's fees to Anpec.

16     13.    <u>Settlement and ADR</u>:  Business executives of the parties already have attempted to
17 negotiate a resolution of the dispute, without success.  As required by ADR L.R. 3-5, counsel for
18 the parties have discussed the available ADR options and have agreed to attend an early
19 settlement conference with a magistrate judge.  The parties jointly submitted a notice to the Court
20 on January 10, 2008 to request the settlement conference, and an ADR phone conference was
21 conducted on January 29, 2008.

22     14.    <u>Consent to Magistrate Judge for All Purposes</u>:  The Court has reassigned this case
23 to Judge Phyllis J. Hamilton.

24     15.    <u>Other References</u>:  The parties do not believe this case is suitable for reference to
25 binding arbitration, a special master, or the Judicial Panel or Multidistrict Litigation.

26     16.    <u>Narrowing of Issues</u>:  The parties expect that the settlement conference as agreed
27 to by the parties and the Court's claim construction of disputed claim terms may help to narrow
28 the issues in dispute.

17. <u>Expedited Schedule</u>:  The parties do not propose special procedures for handling this case.

18. <u>Scheduling</u>:

The parties propose the following schedule:

| **Event** | **Date** |
|---|---|
| Fed. R. Civ. P. Rule 26 Initial Disclosures | Jan. 24, 2008 |
| Initial Case Management Conference | Feb. 28, 2008 |
| Plaintiff to serve Patent L.R. 3-1 and 3-2 Disclosures for patent(s) asserted | Mar. 13, 2008 |
| Defendant to serve Patent L. R. 3-3 and 3-4 Disclosures for patent(s) asserted | Apr. 28, 2008 |
| Each Party to exchange Patent L. R. 4-1 Disclosures | May 12, 2008 |
| Each Party to exchange Patent L. R. 4-2 Disclosures | June 2, 2008 |
| Deadline to file Patent L. R. 4-3 Joint Claim Construction and Prehearing Statement | June 27, 2008 |
| Each Party to submit claim construction expert reports. Maxim proposes July 14, 2008. Anpec submits that Patent L.R. 4-2 provides that the parties shall exchange, when exchanging their Preliminary Claim Constructions, the "testimony of percipient and expert witnesses" supporting their respective claim constructions and therefore proposes May 5, 2008, if any expert report is submitted. | To be determined by the Court |
| Claim construction discovery cut-off pursuant to Patent L. R. 4-4 | July 28, 2008 |
| Plaintiff to file Opening Claim Construction Brief | Aug. 11, 2008 |
| Defendant to file Responsive Claim Construction Brief | Aug. 25, 2008 |
| Plaintiff to file Reply Claim Construction Brief | Sept. 3, 2008 |
| Claim Construction Hearing (Subject to the convenience of the Court's calendar) | Sept. 17, 2008 |

Anpec submits, consistent with the Court's Standing Order for Patent Cases, that the parties meet and confer to propose the post claim-construction schedule and attend a Further Case Management Conference following the issuance of the Claim Construction Order.

Maxim proposes the following schedule for the remainder of the case:

| | |
|---|---|
| Non-Expert Discovery Cutoff | Nov. 17, 2008 |
| Exchange Initial Expert Reports (each party on issues as to which it bears the burden of proof) | Dec. 15, 2008 |
| Exchange Rebuttal Expert Reports | Jan. 12, 2009 |
| Expert Discovery Cutoff | Feb. 9, 2009 |
| Last Day to File Dispositive Motions | Mar. 9, 2009 |
| Pre-trial Conference | Apr. 29, 2009 |
| Trial | May 13, 2009 |

19. <u>Trial</u>:  Maxim and Anpec have demanded a trial by jury, and estimate that the matter will require five (5) trial days.

20. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Maxim has filed the Certification of Interested Entities or Persons required by Civil L.R. 3-16.  Pursuant to Civil L.R. 3-16, the undersigned counsel for Maxim certifies that as of this date, other than the named parties, there is no such interest to report.

Anpec has filed a Certification of Interested Entities or Persons required by Civil L.R. 3-16.  Pursuant to Civil L.R. 3-16, the undersigned counsel for Anpec certifies that as of this date, other than the named parties, there is no such interest to report.

21. <u>Other Matters—Patent L.R. 2-1(a)</u>:  The parties do not propose any modification to the procedures set out in the Patent Local Rules.  At this time, the parties do not anticipate presenting live testimony at the Claim Construction Hearing.  Nor do the parties propose specific limits on discovery related to claim construction other than that the Court sets in the Standing Order for Patent Cases.  The parties anticipate that Maxim as the patent holder will present first at the Claim Construction Hearing.  The parties request that the Court schedule a Claim

1 Construction Prehearing Conference at the Court's earliest convenience following the filing of the
2 Joint Claim Construction and Prehearing Statement, which the parties estimate will be filed by
3 June 27, 2008.

DATED: February 21, 2008  **PERKINS COIE BROWN & BAIN P.A.**

By: /s/ Aaron Matz
   Chad S. Campbell
   Aaron Matz
   Suite 2000
   2901 North Central Avenue
   Phoenix, AZ  85012-2788

   Esha Bandyopadhyay
   Zhuanjia Gu
   Perkins Coie LLP
   101 Jefferson Drive
   Menlo Park, CA  94025-1114

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

DATED: February 21, 2008  **AKIN GUMP STRAUSS HAUER & FELD LLP**

By: /s/ Ming-Tao Yang
   Yitai Hu
   Sean P. DeBruine
   Ming-Tao Yang
   Two Palo Alto Square
   3000 El Camino Real, Suite 400
   Palo Alto, CA  94306-2112

Attorneys for Defendant
Anpec Electronics Corp.

**ATTACHMENT TO**

**SECOND JOINT CASE MANAGEMENT STATEMENT**

Pursuant to General Order 45, section X.B., I hereby attest that concurrence in the filing of this document has been obtained from Ming-Tao Yang, counsel for Anpec Electronics Corp.

Dated:  February 21, 2008                              By: /s/ Aaron Matz

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on February 21, 2008, I electronically transmitted the foregoing document to the Clerk's Office using the ECF e-filing system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Chad S. Campbell: | cscampbell@perkinscoie.com |
| Timothy J. Franks: | tfranks@perksincoie.com |
| Aaron Matz: | amatz@perkinscoie.com |
| Esha Bandyopadhyay: | ebandyopadhyay@perkinscoie.com |
| Zhuanjia Gu: | zgu@perkinscoie.com |

Attorneys for Plaintiff

—and—

| | |
|---|---|
| Yitai Hu: | yhu@akingump.com |
| Sean P. DeBruine: | sdebruine@akingump.com |
| Ming-Tao Yang: | myang@akingump.com |

Attorneys for Defendant

By /s/ Mary Wadsworth

14001752.1