Case 3:07-cv-04424-PJH    Document 55    Filed 05/08/2008    Page 1 of 11

| | |
|---|---|
| David M. Barkan (CA Bar No. 160825) | Joseph V. Colaianni, Jr. (Pro Hac Vice) |
| Rajesh Bagga (CA Bar No. 248837) | FISH & RICHARDSON P.C. |
| FISH & RICHARDSON P.C. | 1425 K Street, N.W. |
| 500 Arguello Street | Washington, D.C. 20005 |
| Redwood City, CA 94063 | Telephone: (202) 783-5070 |
| Telephone: 650-839-5070 | Facsimile: (202) 783-2331 |
| Facsimile: 650-839-5071 | colaianni@fr.com |
| Barkan@fr.com | |

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

Yitai Hu (CA Bar No. 248085)
Sean P. DeBruine (CA Bar No. 168071)
Ming-Tao Yang (CA Bar No. 221295)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306-2112
Telephone: (650) 838-2000
Facsimile: (650) 838-2001
yhu@akingump.com
sdebruine@akingump.com
myang@akingump.com

Attorneys for Defendant
ANPEC ELECTRONICS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANPEC ELECTRONICS CORP., <br><br> Defendant. | Case No. 07-CV-04424-PJH <br><br> **FOURTH JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Maxim Integrated Products, Inc. ("Maxim") and Defendant Anpec Electronics Corp. ("Anpec") submit this fourth joint case management statement pursuant to Fed. R. Civ. P. 26, Civil L.R. 16-9, Patent L.R. 2-1, the Court's Standing Order, and the Court's Order Continuing Initial Case Management Conference, dated April 7, 2008.

FOURTH JOINT CASE MANAGEMENT STATEMENT                                            NO. 07-CV-04424-PJH

1. <u>Jurisdiction and Service</u>: This is a patent infringement case. The Court has subject matter jurisdiction under 28 U.S.C. § 1338.

Anpec has chosen not to dispute the Court's personal jurisdiction or the adequacy of service of process in order to arrive at a prompt resolution of dispute on the merits.

2. <u>Facts</u>:

**Maxim's Position:** Maxim is the owner of U.S. Patent No. 7,061,327, entitled "SINGLE SUPPLY HEADPHONE DRIVER/CHARGE PUMP COMBINATION" (the "'327 patent"). The application for the '327 patent was filed on January 24, 2002, and the patent issued on June 13, 2006. Using the patented technology, Maxim manufactures and sells a variety of amplifier-driver integrated circuit products that permit a wide array of personal electronic devices to provide high quality stereo output for head phones. Maxim's patented devices are used in notebook computers, MP3 players, cell phones, and other hand-held electronic products. Anpec competes with Maxim in the market for headphone amplifier-driver integrated circuit products. Anpec's competing products use Maxim's patented technology. Maxim has demanded that Anpec stop its infringement of the '327 patent and compensate Maxim for Anpec's prior use of Maxim's patented technology, but Anpec has declined to do so.

**Anpec's Position:** Anpec's products do not infringe the any claims of the '327 patent, which relates to and claims a specific headphone amplifier design. In particular, the patent claims require a circuitry "being driven by a single supply voltage VDD" or "a single power input." Anpec's headphone amplifiers use a dual-voltage (or dual-power-supply) design that are outside the scope of the '327 patent. In addition, that patent claims are invalid in light of the prior art and may be unenforceable, and Maxim violated 35 U.S.C. § 292 by falsely marking its products as "patented" before the '327 patent issued.

3. <u>Legal Issues</u>: Maxim asserts infringement under 35 U.S.C. § 271, and seeks injunctive relief under 35 U.S.C. § 283 and damages under 35 U.S.C. § 284. Anpec asserts that the accused products do not infringe the '327 patent and the '327 patent is invalid and/or unenforceable.

1   4.   Motions: There are no pending motions. Maxim anticipates filing a motion for a Letters Rogatory regarding service of the Complaint in order to ensure that any judgment obtained in this action will be enforceable by courts in Taiwan. Maxim notes that Anpec does not seek to challenge jurisdiction, venue, or service in this Court and appreciates Anpec's cooperation in that regard. However, it is Maxim's understanding that courts in Taiwan may sometimes refuse to enforce a judgment obtained in a U.S. Court action unless service was formally perfected through the Letter Rogatory procedure, regardless of whether the sufficiency of service was ever at issue in the U.S. action. Anpec does not oppose Maxim's proposed motion for a Letter Rogatory but reserves its right to oppose or challenge enforcement of any judgment in Taiwan Courts on bases available under applicable Taiwan, U.S., and International laws.

Both parties also anticipate that some or all of the issues in this case may be amenable to resolution by motions for summary judgment.

5.   Amendment of Pleadings: Maxim's Complaint seeks treble damages under 35 U.S.C. § 284. After receiving initial discovery from Anpec, Maxim anticipates amending its Complaint to specifically allege that Anpec's infringement has been, and continues to be, willful. Anpec does not anticipate amending its answers and counterclaims at this time.

6.   Evidence Preservation: The parties have taken steps to preserve documents and electronically-stored information that may be relevant to the claims and counterclaims in the case.

7.   Disclosures: The parties exchanged initial disclosures on January 24, 2008.

8.   Discovery: The parties propose varying the limits on discovery set out in the applicable rules as follows.

8(a).   Interrogatories: The parties jointly propose a limit of 30 interrogatories.

8(b).   Fact Depositions: The parties jointly propose a limit of 80 hours for depositions of fact witnesses. The parties further agree that, with respect to depositions for which a translator is required, each hour of translated deposition shall count as only two-third (2/3) of an hour for purposes of the 80 hour limit.

8(c).   Expert Depositions: Maxim proposes a limit of 40 hours for expert depositions. Anpec proposes a limit of seven hours for each expert.

1    8(d).    Protective Order:    Because discovery is likely to require the disclosure of confidential business or technical information of the parties, counsel expect to submit an agreed form of protective order for consideration and entry by the Court to regulate and limit the disclosure and use of such confidential information.  The parties are mindful of the Court's Standing Order regarding the submission of materials under seal in connection with dispositive motions and will endeavor to draft a Protective Order consistent with the Court's Standing Order.  The parties do anticipate that dispositive motions may require the submission of declarations that attach, analyze, and discuss highly sensitive circuit design documents for each of the parties and thus may require the submission of a limited amount of material under seal.

8(e).    Anticipated Discovery Subjects:    Maxim expects to conduct written and deposition discovery regarding the design, operation, use and sales of Anpec's headphone driver-amplifier products.  Maxim also expects to conduct discovery relevant to defenses that Anpec may raise in answer to the complaint.  Maxim served its First Requests for Production of Documents on Anpec on January 15, 2008, and Anpec served its responses thereto on February 19, 2008.  Anpec expects to conduct written and deposition discovery regarding the patent, the claims and Anpec's counterclaims at issue, including Maxim's conception and reduction to practice of the alleged invention in the '327 patent, the prosecution of the patent application, and use of and representations made relating to its alleged technology; Maxim's alleged loss of profits and damages; Maxim's knowledge of and understanding relating to prior art to the '327 patent, and Maxim's false marking of its products as patented before the issuance of the '327 patent.  Anpec served its First Set of Requests for Production of Documents and Things on Maxim on January 10, 2008, and Maxim served its response thereto on February 14, 2008.  Anpec served its Second Set of Requests for Production of Documents and Things on Maxim on March 28, 2008.  Maxim requested, and Anpec agreed, to extend the due date for Maxim's response to May 15, 2008.

9.    Class Action:    This is not a class action.

10.    Related Cases:    Maxim is unaware of any related case.

FOURTH JOINT CASE MANAGEMENT STATEMENT    -4-    NO. 07-CV-04424-PJH

11. Relief: Maxim seeks damages for infringement, an injunction to prevent future infringement, and attorney's fees. 35 U.S.C. §§ 283 to 285. Although the amount of Maxim's damages cannot be quantified without discovery regarding the sales of Anpec's infringing products, such damages may be established on the basis of the profit that Maxim has lost because of Anpec's sales of infringing integrated circuit products and/or on the basis of a reasonable royalty for Anpec's use of the patented technology.

Anpec requests the Court to dismiss the complaint with prejudice and declare that the patent is not infringed by the accused products and that the claims are invalid and unenforceable. Pursuant 35 U.S.C. § 292, Anpec also requests the Court to fine Maxim $500 for each instance of false marking and award Anpec one-half of the fine. Anpec may also request the Court to find the case exceptional and award costs and attorney's fees to Anpec.

12. Settlement and ADR: Business executives of the parties already have attempted to negotiate a resolution of the dispute, without success. As required by ADR L.R. 3-5, counsel for the parties have discussed the available ADR options and have agreed to attend an early settlement conference with a magistrate judge. The parties jointly submitted a notice to the Court on January 10, 2008 to request the settlement conference, and an ADR phone conference was conducted on January 29, 2008. In light of the substitution of new counsel for Maxim, the parties request a further ADR phone conference to discuss potential timing for a judicial settlement conference.

13. Consent to Magistrate Judge for All Purposes: The Court has reassigned this case to Judge Phyllis J. Hamilton.

14. Other References: The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel or Multidistrict Litigation.

15. Narrowing of Issues: The parties expect that the settlement conference as agreed to by the parties and the Court's claim construction of disputed claim terms may help to narrow the issues in dispute.

16. Expedited Schedule: The parties do not propose special procedures for handling this case.

17. <u>Scheduling</u>:

The parties propose the following schedule:

| Event | Date |
| --- | --- |
| Fed. R. Civ. P. Rule 26 Initial Disclosures | Jan. 24, 2008 |
| Initial Case Management Conference | May 15, 2008 |
| Plaintiff to serve Patent L.R. 3-1 and 3-2 Disclosures for patent(s) asserted | June 5, 2008 |
| Defendant to serve Patent L. R. 3-3 and 3-4 Disclosures for patent(s) asserted | July 21, 2008 |
| Each Party to exchange Patent L. R. 4-1 Disclosures | August 4, 2008 |
| Each Party to exchange Patent L. R. 4-2 Disclosures | August 25, 2008 |
| Deadline to file Patent L. R. 4-3 Joint Claim Construction and Prehearing Statement | September 19, 2008 |
| Each Party to submit claim construction expert report, if it intends to reply upon such report. | September 19, 2008 |
| Claim construction discovery cut-off pursuant to Patent L. R. 4-4 | October 20, 2008 |
| Plaintiff to file Opening Claim Construction Brief | October 29, 2008 |
| Defendant to file Responsive Claim Construction Brief | November 12, 2008 |
| Plaintiff to file Reply Claim Construction Brief | November 21, 2008 |
| Claim Construction Hearing (Subject to the convenience of the Court's calendar) | December 10, 2008 |

Maxim and Anpec propose the following schedule for the remainder of the case, calculated from the date the Court issues its Claim Construction Order:

/ / /

/ / /

FOURTH JOINT CASE MANAGEMENT STATEMENT -6- NO. 07-CV-04424-PJH

| | |
|---|---|
| Non-Expert Discovery Cutoff | 90 Days After Claim Construction Order |
| Exchange Initial Expert Reports (each party on issues as to which it bears the burden of proof) | 110 Days After Claim Construction Order |
| Exchange Rebuttal Expert Reports | 140 Days After Claim Construction Order |
| Expert Discovery Cutoff | 161 Days After Claim Construction Order |
| Last Day to File Dispositive Motions | 182 Days After Claim Construction Order |
| Pre-trial Conference | 220 Days After Claim Construction Order |
| Trial | 14 Days After Pre-Trial Conference |

18.  <u>Trial</u>:  Maxim and Anpec have demanded a trial by jury, and estimate that the matter will require five (5) trial days.

/ / /

/ / /

/ / /

1       19.     Disclosure of Non-Party Interested Entities or Persons:

2       Maxim has filed the Certification of Interested Entities or Persons required by Civil L.R. 3-16. Pursuant to Civil L.R. 3-16, the undersigned counsel for Maxim certifies that as of this date, other than the named parties, there is no such interest to report.

Anpec has filed a Certification of Interested Entities or Persons required by Civil L.R. 3-16. Pursuant to Civil L.R. 3-16, the undersigned counsel for Anpec certifies that as of this date, other than the named parties, there is no such interest to report.

20.     Other Matters—Patent L.R. 2-1(a): The parties do not propose any modification to the procedures set out in the Patent Local Rules. At this time, the parties do not anticipate presenting live testimony at the Claim Construction Hearing. Nor do the parties propose specific limits on discovery related to claim construction other than that the Court sets in the Standing Order for Patent Cases. The parties anticipate that Maxim as the patent holder will present first at the Claim Construction Hearing. The parties request that the Court schedule a Claim Construction Prehearing Conference at the Court's earliest convenience following the filing of the Joint Claim Construction and Prehearing Statement, which the parties estimate will be filed by September 19, 2008.

21.     Other Stipulations: The parties have met and conferred and reached a number of agreements which are memorialized below as stipulations between the parties:

22.     Service: The parties hereby stipulate that service by email to the service email address designated by counsel for each party shall have the same effect as personal service. The parties shall endeavor to break large files into files suitable for transmission by email; however, in the event that any document is too large to be served by email, service shall be deemed complete if a notice describing the document is sent by email and the document itself is transmitted by FedEx or similar overnight delivery service. With respect to case activities which require mutual exchange of pleadings on the same date (such as claim construction disclosures), the parties agree to complete such exchange by no later than 7:00 pm. With respect to the service of any other documents, the service shall be timely if the email transmission is completed by mid-night.

23. <u>Discovery of Draft Expert Reports and Expert Notes</u>: With reference to expert reports and discovery, the parties agree that final expert reports and materials identified by the experts as relied upon by the experts in their reports are discoverable. (If an expert indicates in deposition that he relied upon a document or source not otherwise specified in the final report, that information is discoverable. This will facilitate full disclosure from the experts.) Attorney communications to and from an expert, draft reports and notes of experts relating to communication to or from attorneys are specifically not discoverable and do not need to be logged in a privilege log. Further, attorney communications with an expert in preparation for the expert's deposition or trial testimony are not discoverable.

24. <u>Native Design Files</u>: The parties will exchange design files for Anpec's accused products and for Maxim products alleged to embody the invention in their native format, provided that suitable "viewer" software is readily available. In the case of design files in unusual or non-standard formats, or those for which no viewer software is available, the parties will meet and confer in good faith to determine a reasonable way to provide access to such files. The parties also will meet and confer with respect to the submission of a Protective Order that includes additional protection for technical documents produced in native format.

25. <u>Format of Document Production</u>: Except for files produced in native format, the parties shall produce documents as single page TIFF images, with corresponding load files, and shall provide the productions on either CDs, DVDs, or portable hard drives depending upon the volume. The parties agree that they do not need to collect or produce metadata.

26. <u>Clawback of Inadvertently Produced Documents</u>: The parties agree that the provisions of Fed. R. Civ. P. 26(b)(5), as amended December 1, 2006, regarding the return of inadvertently produced documents shall apply.

/ / /

/ / /

/ / /

1

DATED: May 8, 2008 **FISH & RICHARDSON P.C.**

2

3
By: /s/ David M. Barkan
500 Arguello Street
4
Redwood City, CA 94063

5
Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.
6

7

DATED: May 8, 2008 **AKIN GUMP STRAUSS HAUER & FELD LLP**
8

9

10
By: /s/ Sean P. DeBruine
Yitai Hu
11
Sean P. DeBruine
Ming-Tao Yang
12
Two Palo Alto Square
3000 El Camino Real, Suite 400
13
Palo Alto, CA  94306-2112

14
Attorneys for Defendant
Anpec Electronics Corp.
15

50483190
16

17

18

19

20

21

22

23

24

25

26

27

28

FOURTH JOINT CASE MANAGEMENT STATEMENT     -10-     NO. 07-CV-04424-PJH

# ATTACHMENT TO

# THIRD JOINT CASE MANAGEMENT STATEMENT

Pursuant to General Order 45, section X.B., I hereby attest that concurrence in the filing of this document has been obtained from Ming-Tao Yang, counsel for Anpec Electronics Corp.

Dated: May 8, 2008                              By: /s/ David M. Barkan