UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>ANPEC ELECTRONICS CORP.<br><br>Defendant. | Case No. 07-CV-04424-PJH<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

Plaintiff Maxim Integrated Products, Inc. ("Maxim") and Defendant Anpec Electronics Corp. ("Anpec") have stipulated and agreed by and between counsel that the terms and conditions of the following Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and all other information exchanged by the parties in this action, or provided by or obtained from non-parties in this action.

**IT IS THEREFORE ORDERED**:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced by a party or non-party in connection with this litigation in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and

1

1  other information which the disclosing party designates as "CONFIDENTIAL - OUTSIDE
2  COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"[1]
3  hereinafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness
4  in connection with this action.  As used herein, "disclosing party" shall refer to the parties to this
5  action and to third parties who give testimony or produce documents or other information, and
6  "receiving party" shall refer to the parties to this action and to third parties who receive such
7  information.
8        2.      This Protective Order does not confer blanket protections on all disclosures or
9  responses to discovery, and the protection it affords extends only to the limited information or
10  items that are entitled under the applicable legal principles to treatment as confidential.  Further,
11  this Protective Order creates no entitlement to file confidential information under seal.  Subject to
12  public policy, Civil L.R. 7-11, Civil L.R. 79-5 and further court order, nothing shall be filed under
13  seal, and the Court shall not be required to take any action, without separate prior order by the
14  Judge before whom the hearing or proceeding will take place, after application by the affected
15  party with appropriate notice to opposing counsel.  A party submitting a document for filing under
16  seal shall lodge with the Clerk and serve on the other party copies of that document as provided by
17  Civil L.R. 79-5.
18        3.      For purposes of this Order, "CONFIDENTIAL - OUTSIDE COUNSEL ONLY"
19  shall include any information that a party or non-party believes in good faith to be highly
20  confidential and highly sensitive information which, if disclosed to a competitor, may cause
21  competitive harm, including, but not limited to, trade secrets, research, design, development,
22  financial, technical, marketing, planning, personal, licensing, intellectual property protection
23  strategies, industry analyses, or commercial information, as such terms are used in Rule 26(c)(7)
24  of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7), or

---

[1] As the parties have agreed, the phrase "ATTORNEYS' EYES ONLY MATERIAL" may be used in lieu of "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and both phrases will be understood to mean "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" as defined herein. As the parties have similarly agreed, the phrase "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY MATERIAL" may be used in lieu of "HIGHLY CONFIDENTIAL - OUTSIDE

1  other information that is entitled to a higher level of protection due to its commercial sensitivity.
2  "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall include a producing party's
3  product design files that are produced in their native and electronic format.

4      4.    "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
5  CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be used by the parties to this litigation
6  solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

7      5.    In the absence of written permission from the disclosing party or third party, or an
8  order from the Court, information designated as "CONFIDENTIAL - OUTSIDE COUNSEL
9  ONLY" shall be used solely for the purpose of litigation between the parties hereto, may not be
10 disclosed to any employee of the receiving party and shall be disclosed only to the following
11 persons:

12     a.    "Outside" attorneys of record, including paralegal assistants, stenographic
13 and clerical employees working under the direct supervision of such attorneys;

14     b.    Any outside expert or consultant who is expressly retained or sought to be
15 retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial,
16 with disclosure only to the extent necessary to perform such work.  Such outside experts and
17 consultants shall not be current employees of a party or employed by a party within the six (6)
18 months prior to the disclosure of "CONFIDENTIAL - OUTSIDE COUNSEL ONLY."  However,
19 such material will not be disclosed to any such expert or consultant until after a period of seven (7)
20 business days after service on all parties of information regarding the identity of the expert or
21 consultant, including his/her name, address and job title, the name and address of his/her employer
22 and a current *curriculum vitae* including a list of all companies for which such person has
23 consulted during the last three years.  The party receiving notice of such expert and service of such
24 materials shall have seven (7) business days from the date of such notice to object in writing to the
25 provision of such material to the outside expert or consultant.  The parties shall meet and confer
26 regarding the written objection within five (5) business days.  Unless the parties otherwise resolve

27

28     COUNSEL ONLY," and both phrases will be understood to mean "HIGHLY
CONFIDENTIAL - OUTSIDE COUNSEL ONLY" as defined herein.

the objection the objecting party shall have an additional five (5) business days from the parties' meet and confer regarding the objection to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of materials to him or her, and no material that is the subject of the objection will be disclosed until the motion is decided.  The times to respond as set out in this subparagraph shall not begin to run unless the notice regarding the expert complies with the requirements set out herein;

  c. Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

  d. Any person employed by the producing party of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" during his testimony, and may not retain any "CONFIDENTIAL - OUTSIDE COUNSEL ONLY";

  e. Service contractors (such as document copy services);

  f. Personnel of the Court and all appropriate courts of appellate jurisdiction;

  g. Any other person agreed to by the parties in writing;

  h. CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall not be disclosed to a person described in paragraph 5(b) unless and until such person has executed an affidavit in the form attached as Exhibit A, and such form has been served on counsel for all parties; and

  i. The receiving party shall act with all prudence to prevent any person identified in paragraphs 5(a) through 5(g), inclusive, from himself using any CONFIDENTIAL - OUTSIDE COUNSEL ONLY for any purpose unrelated to the present litigation or disclosing the same to others and to insure that any person identified in paragraphs 5(a) through 5(g), inclusive, complies with paragraph 19.

 6. In the absence of written permission from the disclosing party or third party, or an order from the Court, information designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY": (1) shall be used solely for the purpose of litigation between the parties hereto; (2) must be kept by any receiving party or person in secure storage areas; (2) may not

1  duplicated or copied in any manner; and (3) can only be accessed from non-networked computer
2  that has no wireless or wired network connection to any other computers; (4) may not be printed
3  excepted for the uses identified below; and (5) shall be disclosed only to the following persons:
4        a.    "Outside" attorneys of record, including paralegal assistants, stenographic
5  and clerical employees working under the direct supervision of such attorneys;
6        b.    Any outside expert or consultant as described in paragraph 5(b);
7        c.    Any interpreter, or court or other shorthand reporter or typist translating,
8  recording or transcribing testimony;
9        d.    Any person employed by the producing party of whom testimony is taken,
10  except that such person may only be shown copies of "HIGHLY CONFIDENTIAL - OUTSIDE
11  COUNSEL ONLY" during his testimony, and may not retain any "HIGHLY CONFIDENTIAL -
12  OUTSIDE COUNSEL ONLY";
13        e.    Service contractors (such as document copy services);
14        f.    Personnel of the Court and all appropriate courts of appellate jurisdiction;
15        g.    Any other person agreed to by the parties in writing;
16        h.    "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall not be
17  disclosed to a person described in paragraph 6(b) unless and until such person has executed an
18  affidavit in the form attached as Exhibit A, and such form has been served on counsel for all
19  parties;
20        i.    The receiving party shall act with all prudence to prevent any person
21  identified in paragraphs 6(a) through 6(g), inclusive, from himself using any "HIGHLY
22  CONFIDENTIAL - OUTSIDE COUNSEL ONLY" for purposes unrelated to the present litigation
23  or disclosing the same to others and to insure that any person identified in paragraphs 6(a) through
24  6(g), inclusive, complies with paragraph 19;
25  and
26        j.    Each party may not print, duplicate, or transmit in any manner any portion
27  of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" except for use in depositions,
28

expert reports, Court filings or proceedings and must designate such information as required under paragraph 8(c).

7. The recipient of any "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

8. Disclosing parties shall designate "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" as follows:

a. In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." The foregoing shall not preclude the inclusion of additional text in such legend, such as "Subject to a Protective Order," or any other similar designation. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" at the time of its production, that party may within fourteen (14) days after disclosure designate such information as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" by giving written notice to all parties. Under such circumstances, however, no receiving party shall have any obligation or liability due to any

1  disclosure of the information which occurred prior to the receipt of such notice; provided,
2  however, any subsequent disclosures shall be in accordance with such designation.
3        b.      In the case of depositions, designation of the portions of the transcript
4  (including exhibits) that contain "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or
5  "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be made by a statement to
6  such effect on the record in the course of the deposition; or upon review of such transcript, by
7  counsel for the party to whose "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
8  CONFIDENTIAL - OUTSIDE COUNSEL ONLY" the deponent has had access, said counsel
9  designating within fourteen (14) days after counsel's receipt of the transcript, and listing on a
10 separate piece of paper the numbers of the pages of the transcript containing "CONFIDENTIAL -
11 OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY,"
12 inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties
13 so that it may be affixed to the face of the transcript and each copy thereof.  Pending such
14 designation by counsel, the entire deposition transcript, including exhibits, shall be deemed
15 "CONFIDENTIAL - OUTSIDE COUNSEL ONLY."  If no designation is made within fourteen
16 (14) days after receipt of the transcript, the transcript shall be considered not to contain any
17 "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE
18 COUNSEL ONLY" other than those portions designated on the record during the deposition, if
19 any.
20       c.      Any "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
21 CONFIDENTIAL - OUTSIDE COUNSEL ONLY" produced in a non-paper medium (e.g.,
22 videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of
23 such non-paper medium as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
24 CONFIDENTIAL - OUTSIDE COUNSEL ONLY."  In the event a receiving party generates any
25 "hard copy," transcription, or printout from any such designated non-paper media, such party must
26 stamp each page "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
27 CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and the hard copy, transcription or printout
28 shall be treated as it is designated pursuant to paragraphs 5 and 6.

9. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" is on the party making such designation.

10. "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be used by the receiving party only for the purpose of conducting this action, and not for any business or other purpose whatsoever. The receiving party shall not use "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" in research or product development. No "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or the contents thereof, shall be disclosed to or used with any representative, agent, attorney or employee of the receiving party, except as provided herein. Nothing contained in this Order shall preclude a disclosing party from using or disseminating its own "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

11. In the event that any "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. Third parties (non-parties) may (i) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" to the same extent and in the same manner as parties to this litigation and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party; and (ii) intervene in this litigation to enforce the provisions of this Order as if they were a party.

13. Notwithstanding the designation, as provided above, of any testimony, evidence or other matters as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," said documents, testimony, evidence and other materials shall not, in fact, be deemed "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" and shall not be subject to this Order, if the substance thereof:

 a. is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

 b. has become, at any time, and through no act or failure to act on the part of the recipient party and without breach of any obligation of confidence, public knowledge;

 c. has been made available to the recipient party by a third person who obtained it by legal means and without any obligation of confidence to the disclosing party; or

 d. (i) was, at the time of disclosure by the disclosing party, already in the possession of the receiving party, (ii) appears in a document as generated and possessed by the receiving party prior to the disclosure, and (iii) was not acquired by the receiving party from the disclosing party directly or indirectly. The term "document" shall include printed, written and electronically stored information.

14. If "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or any portion thereof, be disclosed by the receiving party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the receiving party shall use its best efforts to immediately retrieve all copies of

1  such document or information and to bind such person to the terms of this Order, including
2  cooperation in obtaining an order of the court to remedy the disclosure, if necessary.  In such
3  event, the receiving party also shall (a) promptly inform such person of all the provisions of this
4  Order; (b) identify such person immediately to the disclosing party and inform the disclosing party
5  of all pertinent facts relating to such disclosure, and (c) request such person to sign the
6  acknowledgement in the form attached hereto as Exhibit A.

7       15.    Nothing in this Order shall preclude any party to the lawsuit or its attorneys
8  (a) from showing a document designated as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY"
9  or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" to an employee of the
10 disclosing party, or (b) from disclosing or using, in any manner or for any purpose, any
11 information or documents from that party's own files which the party itself has designated as
12 "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE
13 COUNSEL ONLY."

14       16.    In the event any receiving party having possession, custody or control of any
15 "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE
16 COUNSEL ONLY" receives a subpoena or other process or order to produce such information in
17 another, unrelated legal proceeding, from a non-party to this action, such receiving party shall
18 notify counsel for the disclosing party or third party of the subpoena or other process or order,
19 furnish counsel for the disclosing party or third party with a copy of said subpoena or other
20 process or order, and cooperate with respect to all reasonable procedures sought to be pursued by
21 the disclosing party or third party whose interests may be affected.  The disclosing party or third
22 party asserting the "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
23 CONFIDENTIAL - OUTSIDE COUNSEL ONLY" treatment shall have the burden of defending
24 against such subpoena, process or order.  The receiving party receiving the subpoena or other
25 process or order shall be entitled to comply with it except to the extent the disclosing party or third
26 party asserting the "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY
27 CONFIDENTIAL - OUTSIDE COUNSEL ONLY" treatment is successful in obtaining an order
28 modifying or quashing the subpoena or other process or order.

1    17.    Counsel for either party shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

18.    Treatment of Designated Materials in Mock Trial and Trial Proceedings. Materials designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" may be disclosed to jury or trial consultants retained by a party in this action, providing that any such consultant: (a) is not an employee of a party; (b) further agrees not to become an employee of a party until at least two years after the termination of this litigation has passed; and (c) is disclosed and approved pursuant to paragraphs 5(b) and 6(b). Materials designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" may also be disclosed to mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material at the conclusion of the mock jury session, (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and (iv) all mock jury activities and the disclosure of materials to mock jurors occur only in California.

19.    Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," all "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" and all copies thereof shall be returned to the party which produced it or shall be destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

1    20.    Except as specifically provided herein, the terms, conditions, and limitations of this
2 Order shall survive the termination of this action.  This Order shall remain in force and effect until
3 modified, superseded, or terminated by consent of the parties or by order of the Court made upon
4 reasonable written request.

5    21.    This Protective Order is without prejudice to the right of any party to seek relief
6 from the Court.

7    22.    This Protective Order shall not be construed as waiving any right to assert a claim
8 of privilege, relevance, over-breadth, burdensomeness or other grounds for not producing material
9 called for, and access to such material shall be only as otherwise provided by the discovery rules
10 and other applicable laws.

11    23.    The Court shall retain jurisdiction of the parties for the purpose of enforcing this
12 Protective Order and adjudicating any breach thereof.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this  28th  day of  May   , 2008.



The Hon. _____
United States _____

12

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 07-CV-04424-PJH

# **EXHIBIT A**

AGREEMENT CONCERNING INFORMATION
COVERED BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action by the United States District Court for the Northern District of California (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms,

If I receive documents or information designed as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order,

I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order, and

I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for resolution of any matters pertaining to the Protective Order.

My address is _____

_____

_____

My present employer is _____

Signature _____    Date _____

50487364.doc