David M. Barkan (State Bar No. 160825/barkan@fr.com)
Rajesh Bagga (State Bar No. 248837/bagga@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Joseph V. Colaianni, Jr.
FISH & RICHARDSON P.C.
1425 K Street NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ANPEC ELECTRONICS CORP.,<br><br>            Defendant. | Case No. 07-CV-04424-PJH<br><br>**MAXIM INTEGRATED PRODUCTS, INC.'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS** |

Pursuant to Patent L.R. 3-1, Plaintiff Maxim Integrated Products, Inc. ("Maxim") hereby provides its Disclosure of Asserted Claims and Preliminary Infringement Contentions.

## **DISCLOSURE QUALIFICATIONS**

This disclosure is based upon information and documents presently available to and located by Maxim and its attorneys. Formal discovery has just begun and Maxim's investigation

---

MAXIM'S DISCLOSURE OF ASSERTED
CLAIMS AND PRELIMINARY                      -1-                      NO. 07-CV-04424-PJH
INFRINGEMENT CONTENTIONS

and analysis of the infringing products is ongoing.  The information provided in these disclosures is subject to revision and supplementation in accordance with the Patent Local Rules.

### A.     Asserted Claims [Patent L.R. 3-1(a)]

Based on information obtained to date, Maxim asserts that Defendant Anpec Electronics Corp. ("Anpec") has infringed and/or is infringing claims 1-14 of United States Patent 7,061,327 ("the '327 patent").

### B.     Accused Products [Patent L.R. 3-1(b)]

Based on information obtained to date, Maxim currently believes that the products in Anpec's APA2056A and APA2057A families infringe claims 1-14 of the '327 patent.  Those families include the following products of which Maxim is aware:

    (1)     APA2056A RI-TR;
    (2)     APA2056A RI-TR L;
    (3)     APA2056A QBI-TR;
    (4)     APA2056A QBI-TR L;
    (5)     APA2056A RI TR G;
    (6)     APA2056A QBI TR G;
    (7)     APA2057A RI-TR;
    (8)     APA2057A RI-TR L;
    (9)     APA2057A QBI-TR; and
    (10)    APA2057A QBI-TR L.

Each of these products is alleged to infringe each and every claim asserted against Anpec.

### C.     Claim Charts [Patent L.R. 3-1(c)]

Maxim's preliminary contentions regarding Anpec's infringement of the '327 patent are set out in the chart attached hereto as Exhibit A.

### D.     Infringement (Literal or Under the Doctrine of Equivalents [Patent L.R. 3-1(d)]

The claim chart attached as Exhibit A provides an element-by-element analysis for each asserted claim.  Maxim believes in good faith that a proper construction of the claim terms will result in a finding of literal infringement by Anpec for all of the asserted claims.  However, the Court may construe some of the claim terms differently than the constructions presumed by

Maxim in preparation of the attached claim charts. Additionally, Maxim has not had any meaningful discovery on Anpec's products, and such discovery may result in additional information not known to Maxim at this time. For these reasons, and in light of Anpec's apparent construction of the claims based on the defenses to infringement raised in its Answer to the complaint, Maxim alleges in the alternative that Anpec's products infringe under the doctrine of equivalents. In addition, Maxim reserves the right to amend its attached infringement contentions in accordance with the Patent Local Rules.

### E. Priority Date [Patent L.R. 3-1(e)]

Each asserted claim is entitled to the priority date of January 24, 2002.

### F. Maxim's Embodiments of the Asserted Claims [Patent L.R. 3-1(f)]

Maxim reserves the right to rely on the assertion that its own products incorporate and practice the inventions claimed in the '327 patent. The chart attached hereto as Exhibit B identifies, separately for each asserted claim, each Maxim product that incorporates or reflects one or more of the asserted claims.

### G. Document Production Pursuant to Patent Local Rule 3-2

Maxim produces the following documents subject to Patent Local Rule 3-2. Some of these documents arguably relate to both and conception and marketing. Additionally, Maxim is identifying communications with third parties prior to the filing date of the '327 patent that generally relate to the subject matter of the patent; this identification should not be construed as an admission that such documents evidence or are prior art under 35 U.S.C. § 102.

| Documents Produced Pursuant to Patent Local Rule 3-2(a) | Documents Produced Pursuant to Patent Local Rule 3-2(b) | Documents Produced Pursuant to Patent Local Rule 3-2(c) |
|---|---|---|
| MAX00012796-808 | MAX00000001-129 | MAX00035228-353 |
| MAX00013215-27 | MAX00001949-2067 | |

| | | |
|---|---|---|
| MAX00013272-96 | MAX00002356-67 | |
| MAX00013414-26 | MAX00002380-417 | |
| MAX00029092-104 | MAX00004719-52 | |
| | MAX00006047-65 | |
| | MAX00015879-6011 | |
| | MAX00017806-11 | |
| | MAX00022888-917 | |
| | MAX00022957-3036 | |
| | MAX00023038-53 | |
| | MAX00024316-41 | |

DATED: _June 5, 2008                    **FISH & RICHARDSON P.C.**


By:    /s/ Rajesh Bagga
   David M. Barkan
   Rajesh Bagga
   500 Arguello Street, Suite 500
   Redwood City, California 94063

   Joseph V. Colaianni, Jr.
   1425 K Street NW, Suite 1100
   Washington, D.C.  20005

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

50490380.DOC

MAXIM'S DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS            -4-                    NO. 07-CV-04424-PJH